In the Matter of the Claim of ERIC GLADSTONE, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, April 5, 1971.

*Robert S. Markfield* and *Emily Jane Goodman* for appellant.

*Louis J. Lefkowitz*, Attorney-General (*Irving Jorrisch*, *Samuel A. Hirshowitz* and *Samuel Stern* of counsel), for respondent.

SWEENEY, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board which denied claimant benefits on the ground that he voluntarily left his employment without good cause by provoking his discharge.

Claimant, age 25, was employed by Consolidated Edison, a public utility, as a meter reader. His duties required him to read meters located in private homes, apartment houses and other type buildings. At the time claimant was hired his picture was taken portraying a neat and attractive young man, with hair cut and combed in conventional style. He was given a copy of a manual setting forth certain rules of conduct, one of which required a neat physical appearance. This was also stressed at meetings held for new employees.

Claimant subsequently permitted his hair to grow to shoulder length. During the last six or seven months of his employment he was repeatedly criticized for his disheveled and untidy appearance, particularly as to the length of his hair. He was also told that his hair was not combed and not neat, and that it should be cut to a reasonable length to meet the employer's requirements. Claimant was ultimately dismissed when he refused a request to cut his hair. The board found that the employer at the time claimant was hired made appearance a condition of his employment and claimant breached that condition in refusing to comply when given a final opportunity to do so.

An employer has the right to make reasonable rules and regulations for the operation of its business. (*Matter of Day* [*Catherwood*], 26 A D 2d 851.) An employee must conform to these rules. In the instant case claimant wore a uniform with the insignia of Consolidated Edison. Consequently, as he walked the streets and visited houses and apartments he was identified with Consolidated Edison. He was their representative. A rule that he be well groomed and neat was not, under the circumstances, an unreasonable one. There is evidence in the record that claimant's personal appearance did not adhere to the employer's standards. Although it was not the sole cause of his untidy appearance, his long hair contributed to it.

Since claimant refused to cut his hair and conform to the rules of his employer, he, in effect, provoked his discharge. (*Matter of Karman* [*Lubin*], 2 A D 2d 626, 627.) This is not a case of a condition "beyond the reasonable reach of the employee." (*Matter of Malaspina* [*Corsi*], 309 N. Y. 413, 418.) There were

issues of fact presented which were solely within the province of the board to resolve. On the record as a whole there is substantial evidence to justify the determination and findings of the board. (*Matter of Monahan [Catherwood]*, 27 A D 2d 781; *Matter of Mendrinos [Catherwood]*, 27 A D 2d 673.)

We do not feel that on this record there has been a violation of claimant's constitutional rights. We are confronted with two conflicting rights — the right of the employer to hire the one he chooses; and the right of the employee to work for whom he pleases. Claimant had the choice of conforming to the rules and staying with his employer, or leaving and wearing his hair in any manner he desired. The employer did not have to change its rules to conform to the particular whim of this claimant and a failure to do so did not violate his rights to privacy and free expression. (See *Matter of Eastern Greyhound Lines Division of Greyhound Lines* v. *New York State Division of Human Rights*, 27 N Y 2d 279.)

The decision should be affirmed, without costs.

HERLIHY, P. J. (dissenting). The opinion of the Referee, affirmed by the board, stating " the question in this case as to whether or not claimant's refusal to have his hair cut to what would be considered normal length " is the issue before this court and two of the board's decisions cited — where there was a finding of no basis for dismissal — sustained the contention of the claimant; the third decision is not controlling as the testimony therein was that the employer " received complaints from customers ".

It is established that the sole reason for his discharge was his refusal to obey a direction of his superior to get a " reasonable haircut ". The record establishes that no complaints had been made to the employer by the general public in regard to the grooming of the claimant, either generally or specifically as to his hair. It is not disputed that about a week prior to the discharge of the claimant the superior, who eventually discharged him, had complained about the claimant's hair, and that prior to his discharge the claimant had thinned and/or trimmed his hair for neatness. The claimant's superior admitted at the hearings that the claimant had requested him to define what length of hair would constitute " a reasonable haircut ". The superior refused to define the same in any way and discharged the claimant because he did then state that he would not just simply get a haircut. The record establishes that the employer had no set policy in regard to the length of hair which its

employees might have and did permit other employees to have long hair.

The fact that there is a modicum of evidence that on occasions claimant was not " tidy " in his appearance was not the basis for the present determination and in the present record there is no substantial evidence to sustain such a finding if made. To the contrary, the board found that " despite the fact that claimant's length of hair was unusual he has a winning personality and is of handsome appearance ".

The discharge of the claimant was not upon any failure on his part to comply with the requirements of the employer as to neatness, but was solely because he refused to get a " reasonable haircut ". In the absence of a definition by the employer as to what length of hair and/or hair style would be acceptable, the condition of obtaining a " reasonable haircut " would be impossible to comply with. The present record does not contain substantial evidence to support a holding that the claimant by refusing to obey a condition of his employment provoked his discharge. The decision appealed from should be reversed and the matter remitted to the board for further proceedings.

REYNOLDS and GREENBLOTT, JJ., concur with SWEENEY, J.; HERLIHY, P. J., dissents and votes to reverse and remit in an opinion in which STALEY, JR., J., concurs.

Decision affirmed, without costs.