In the Matter of PAGE AIRWAYS OF ALBANY, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.

Third Department, December 11, 1975

*Harris, Beach & Wilcox (Richard N. Chapman* of counsel), for petitioner.

*Henry Spitz (Sara Toll East* of counsel), for respondents.

LARKIN, J. Petitioner engages in the sale and service of aircraft to private individuals and corporations at various airports. Complainant was hired by petitioner as a part-time lineman at the Albany County Airport and in such capacity was required to meet and park aircraft arriving at the facility, sell fuel, transport passengers and crew and generally to be associated with the individuals using the facilities of the petitioner-corporation.

Included in the employee handbook was a memorandum detailing hair standards and facial hair standards to which male employees were to conform. No hair standards were imposed on female employees. Complainant refused to cut his hair in accordance with the requirements and was terminated from employment. In affirming the division's findings the board held that since female employees were not required to cut their hair while males had certain restrictions, the petitioner had applied different standards based on sex classification.

The issue herein is whether the different treatment in regard to length of hair is unlawful discrimination based upon sex within the meaning of the Human Rights Law. The courts of this State have equated the Federal Civil Rights Act of 1964 with the New York Human Rights Act *(New York State Div. of Human Rights v New York-Pennsylvania Professional Baseball League,* 36 AD2d 364, affd 29 NY2d 921). The Court of Appeals has looked to Federal case law in interpreting analogous provisions of the New York Human Rights Law *(Matter of Mize v State Div. of Human Rights,* 33 NY2d 53; *Matter of Sontag v Bronstein,* 33 NY2d 197).

The District of Columbia Circuit Court of Appeals in deciding a case of a male employee suspended for failure to comply to haircut regulations stated:

"Good grooming regulations reflect a company's policy in our highly competitive business environment. Reasonable requirements in furtherance of that policy are an aspect of managerial responsibility. Congress has said that no exercise of that responsibility may result in discriminatory deprivation of equal opportunity because of *immutable* race, national origin, color, or sex classification. So to say is a far cry from a

conclusion that the length of one's hair is either constitutionally or statutorily protected" *(Fagan v National Cash Register Co.,* 481 F2d 1115, 1125).

An employee enjoys no constitutional protection against regulation of the length of his hair by his employer. If an employee objects to a grooming code, he has a right to reject it by looking elsewhere for employment or, alternatively, he may choose to subordinate his preference by accepting the code along with the job *(Willingham v Macon Tel. Pub. Co.,* 507 F2d 1084 [CA 5th, 1975]). An employer has an important interest in the image which is projected to customers through its employees and thus has the right to make reasonable rules and regulations in regard to the appearance of its employees. Regulations of the petitioner in regard to hair length of its male employees do not significantly affect employment opportunities afforded one sex in favor of the other.

Since claimant refused to cut his hair and conform to the rules of his employer, his discharge was justified *(Matter of Gladstone [Catherwood],* 36 AD2d 204, affd 30 NY2d 576). Petitioner's hair regulations do not discriminate or classify within the meaning of the statute in question. Thus, the respondent's determination must be reversed as an abuse of discretion and erroneous as a matter of law.

The petition should be granted, and the order of the State Human Rights Appeal Board annulled, with costs; the cross motion for order of enforcement should be denied.

SWEENEY, J. P., KANE, KOREMAN and MAIN, JJ., concur.

Petition granted, and order of the State Human Rights Appeal Board annulled, with costs; cross motion for order of enforcement denied.