■ In the Matter of the Claim of LESTER W. CARR, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 23, 1980, which affirmed the decision of an Administrative Law Judge sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause. Claimant was employed as a music teacher for approximately eight years when he was absent from work for five days due to an alleged back injury. Claimant's employer would not pay for absences beyond a three-day period without a doctor's note verifying an illness or injury. Upon claimant's refusal to provide a doctor's note, the employer did not pay him for two of the five days he was absent. Claimant then resigned from his employment. At the hearing, claimant submitted a letter in which he stated that he belonged to a religious group denominated Nature Worshipers and that this religion forbids the use of medical doctors except in a life or death situation. He testified that he resigned because of his employer's insistence that he furnish a doctor's note before he would be paid for two of the days he was absent. The board found that he left his employment for personal and non-compelling reasons and disqualified him from receiving benefits. Whether a claimant has good cause for voluntarily leaving his employment is a question of fact for the board's resolution *(Matter of Fontana [Levine]*, 53 AD2d 742). In a related context, the United States Supreme Court, relying on *Sherbert v Verner* (374 US 398), held that unemployment benefits could not be denied to a Jehovah's Witness who voluntarily quit his employment involving the production of turrets for military tanks because of a claimed conflict with his religious beliefs *(Thomas v Indiana Employment Security Div. Review Bd.*, 450 US 707). In both *Sherbert* and *Thomas*, however, the claimants were forced to choose between fidelity to religious belief or termination of employ-

ment and the employment itself was religiously objectionable to the employees concerned. In the instant case, claimant could have remained in his employment without violating his religious beliefs. Considering the record in its entirety, we are of the opinion that under the present circumstances the denial of benefits did not violate his constitutional right to free exercise of religion. There is substantial evidence to support the board's decision and, therefore, it should be affirmed. Decision affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.