In the Matter of the Claim of PHILIP J. D'AMICO, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Kane, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 22, 1985, which ruled that claimant was disqualified from receiving benefits because he voluntarily left his employment without good cause.

Claimant worked at a hospital for Green & Kellogg, Inc., as a respiratory therapist for approximately three years. In February 1984, claimant resigned and subsequently filed a claim for unemployment insurance benefits. An initial determination of the Department of Labor disqualified claimant from benefits because he voluntarily left his employment without good cause. Thereafter, claimant requested and received a hearing before an Administrative Law Judge (ALJ).

Testimony at the hearing indicated that claimant was a Nondenominational Biblical Christian. In February 1984, he had a discussion about religion with a patient and the patient's roommate complained, stating that claimant had said he had cured three people by placing his hands on them. Claimant was then asked to sign a written warning which stated, under the section entitled "action to be taken", "[I]mmediate dismissal on next offense. [Claimant] is not to speak on the subject of religion while on the job to any patient disinterested or interested." Claimant refused to sign the

warning and instead tendered a written resignation, giving his employer two weeks' notice. He testified that he had no problem with the prohibition of discussion with disinterested patients, but that his religious convictions require him to immediately discuss religion with those that would seek such discussions. Accordingly, he asserted that it was inevitable that if he followed his religion, he would violate the agreement and lose his job.

Donna Shepard, claimant's supervisor, indicated that prior to February 1984, there had been previous complaints from co-workers and patients about claimant's preaching and that he had been given an oral warning on a prior occasion. She also stated that she did not believe he would have been fired for refusing to sign the warning. Moreover, it is undisputed that she told claimant he could preach to patients during nonworking hours.

Sustaining the initial determination, the ALJ rejected claimant's assertion that the denial of unemployment benefits violated his 1st Amendment rights. The Unemployment Insurance Appeal Board affirmed and this appeal ensued. The Board's finding that claimant left his employment for personal and noncompelling reasons is supported by the record and, accordingly, we affirm (see, Matter of Carr [Ross], 81 AD2d 999; Matter of Fontana [Levine], 53 AD2d 742).

Claimant contends that the denial of unemployment benefits violates the free exercise clause of the 1st Amendment. Upon this record, the above contention was properly rejected by the Board. This is not a situation such as that found in Sherbert v Verner (374 US 398) or Thomas v Review Bd. (450 US 707), where a change in condition of employment rendered the employment itself religiously objectionable to the employee concerned (see, Matter of Carr [Ross], supra). Furthermore, there is nothing in the record to indicate that claimant would have been terminated if he had refused to sign the written warning.

Claimant apparently for the first time on appeal contends that the denial of benefits burdened his right to free speech as he was forced to leave his employment or have his expression limited. Assuming, arguendo, that claimant has properly preserved this issue for our review, we reject his claim. The record indicates that claimant's expressive activity prompted complaints from patients and co-workers and there was some evidence that claimant's preaching interfered with the efficient performance of his duties. Moreover, the employer accommodated claimant's desire to express himself by giving

him permission to speak to patients on his own time. In light of the above, we find no violation of claimant's 1st Amendment right of freedom of expression *(cf. Perry Educ. Assn. v Perry Local Educators Assn.,* 460 US 37, 46; *Matter of Gladstone [Catherwood],* 36 AD2d 204, *affd* 30 NY2d 576). The decision finding claimant disqualified from receiving unemployment benefits should therefore be affirmed.

Decision affirmed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.