■ In the Matter of the Claim of EVE A. SYLVESTER, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 19, 1987, which ruled that claimant was disqualified from receiving benefits because her employment was terminated due to misconduct.

Claimant was employed by a building maintenance company, Pritchard Services, as a cleaner from 1984 to November 19, 1986. Employees of Pritchard were not permitted to take property from the building where they were working unless they had a pass. Claimant, who had been previously charged with taking property out of the building, attempted to remove two bags from the building on November 19, 1986. Security guards would not let her remove the bags from the building because she did not have a pass. During the ensuing argument, claimant complained that she had lost her glasses. Her response to the suggestion that they might be in her handbag caused the security guards to become suspicious of the contents of her handbag. A request was made to look in her handbag. Claimant refused. She was informed that if she continued to refuse the request, she would be fired. Claimant continued to refuse and she was subsequently terminated from employment.

Claimant applied for unemployment insurance benefits. Her application was denied by the local office upon the ground that she had lost her employment due to misconduct. Following a hearing, the Administrative Law Judge found that the request to search her handbag was reasonable under the circumstances and that claimant's conduct constituted disqualifying misconduct. The Unemployment Insurance Appeal Board affirmed the decision of the Administrative Law Judge. Claimant appeals.

The determination as to whether claimant lost her employment for misconduct is a factual one for the Board which must be upheld if supported by substantial evidence (Matter of Boulware [Ross], 47 NY2d 928, 929; Matter of Herwig [Ross], 68 AD2d 997, lv denied 48 NY2d 606). An employer has the right to establish and enforce reasonable rules and regulations for the operation of its business (Matter of Gladstone [Catherwood], 36 AD2d 204, affd 30 NY2d 576). As part of Pritchard's cleaning services, it was incumbent upon it to establish a trust relationship whereby the occupants of the building it was cleaning would not be fearful that the night cleaning crews were pilfering items. In order to avoid a situation where employees could steal items from the buildings they were

cleaning, Pritchard had a policy that bags were subject to inspection and that a pass was necessary for the removal of items from the building. Here, claimant, who had previously removed items in an unauthorized fashion, attempted to leave with two bags for which she did not have passes. The Board found that during the questioning with respect to these bags, she reacted in a manner which aroused suspicion that the contents of her handbag might include items belonging to Pritchard's client. When a request was made to view the contents of the handbag, claimant refused. She continued her refusal even after being warned that it would result in her being fired. Under the circumstances of this case, where the employer had an established policy which was necessitated by the nature of the job, we do not believe the Board acted irrationally in concluding that claimant's conduct constituted misconduct.

Decision affirmed, without costs. Mahoney, P. J., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.