■ In the Matter of the Claim of KEVIN O'SHEA, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [650 NYS2d 1014] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 28, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a maintenance worker assigned to work at a building owned by IBM, a customer of the employer's property management service. Claimant was discharged after it was discovered that he had taken a computer terminal from the office premises at IBM, concealing it in a storage area in violation of the employer's policy prohibiting the commingling of its assets with those of its clients. It was uncontested that claimant did not need a computer to perform his maintenance duties. Following his discharge, the Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he had been terminated due to misconduct. We affirm.

Failure to comply with the employer's established policies and procedures constitutes disqualifying misconduct (see, *Matter of Sylvester [Hartnett]*, 143 AD2d 478, 479). Given the circumstances surrounding claimant's termination, we find there to be substantial evidence supporting the Board's determination that he is disqualified from receiving unemployment insurance benefits (see, *Matter of Tedesco [Trans World Airlines—Hudacs]*, 183 AD2d 1082).

Mikoll, J. P., Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.