Jasen, J.
 

 We are called upon to decide whether the concealment of a prior arrest on an application for employment constitutes “ misconduct ” in connection with employment within the meaning of the Labor Law.
 

 Claimant appeals as of right on constitutional grounds from an order of the Appellate Division which unanimously affirmed a decision of the Unemployment Insurance Appeal Board, sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving unemployment benefits.
 

 After claimant had been employed for approximately nine months as an audit clerk by a stockbrokerage firm, it was discovered that he had falsified his employment application by concealing the fact that he had been arrested one month before he had applied for employment. Because of this falsification,
 
 *380
 
 he was discharged. Upon applying for unemployment benefits, it was determined that claimant had been discharged because of misconduct in connection with his employment, and was, thus, ineligible for benefits. (Labor Law, § 593, subd. 3.)
 

 The language of subdivision 3 of section 593 of the Labor Law is quite specific that a claimant shall be disqualified from receiving benefits where he has “ lost his last employment * * * through misconduct in connection with his employment ”. There can be little doubt that the intended meaning of the term “ misconduct ”, as used in this section, includes a willful, false statement as to a material fact on an application for employment. Certainly the employer, such as the stockbroker in this case, had a legitimate concern in knowing of a prospective employee’s background, including any brushes with the law, in order to intelligently pass on his character and integrity, as well as his fitness for the position he seeks. It should be perfectly obvious that an audit clerk for a stockbroker, handling hundreds of valuable securities daily, should be trustworthy. How else can such an employer evaluate a prospective employee’s trustworthiness without checking his prior conduct. Furthermore, as a member of the New York Stock Exchange, claimant’s employer was required to maintain personnel records of its employees, including records of arrests (Code Fed. Reg., tit. 17, § 240.17a-3, subd. [a], par. [12], cl. [i] [1971]) and to verify those records (New York Stock Exch. Rules, rule 345.19; see
 
 Thom
 
 v.
 
 New York Stock Exch.,
 
 306 F. Supp. 1002, affd.
 
 sub nom. Miller
 
 v.
 
 New York Stock Exch.,
 
 425 F. 2d 1074, cert. den. 398 U. S. 905). It was also imperative for the employer to inquire as to any prior arrests when it considered claimant for employment, as the duties of an audit clerk required that he be bonded.
 

 While it is true that the mere fact that a person has been arrested proves very little
 
 (Schware
 
 v.
 
 Board of Bar Examiners,
 
 353 U. S. 232, 241), the answer to the question concerning prior arrests determines the necessity for further inquiry and investigation.
 

 In sum, the employer’s interest required that claimant reveal the record of his arrest in this instance on his employment application in order that proper evaluation of his integrity and fitness for the position applied for could be made. Failure to do so
 
 *381
 
 constituted misconduct within the purview of the Unemployment Insurance Law and thereby disqualified claimant from receiving unemployment benefits.
 

 The order of the Appellate Division should be affirmed.
 

 Chief Judge Bbeitel and Judges Gabeielli, Jones, Wachtleb, Babin and Stevens concur.
 

 Order affirmed, without costs.