■ In the Matter of the Claim of ROGER JOHNSON, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 1975, which reversed the decision of a referee and sustained the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits, effective February 22, 1975, upon the ground that he voluntarily left his employment without good cause. The varying versions surrounding claimant's leaving of employment, presented by the claimant and by the employer, gave rise to questions of fact and credibility. Since there is substantial evidence to support the board's resolution of the issues, its determination should not be disturbed *(Matter of Famulare [Catherwood],* 34 AD2d 705). Decision affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of RICHARD EDWARDS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 19, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment through misconduct. Claimant was discharged by his employer one week after being hired because he failed to disclose a prior felony conviction at the time he was interviewed for employment. Claimant alleges that he had been instructed by his potential employer not to answer the fourth page of the employment record which, if answered, would have revealed a felony conviction. The employer alleges that claimant was discharged not because of his past felony record but because he attempted to conceal that record during the hiring process. Claimant alleges he made no attempt to conceal his past record but did not specifically volunteer it inasmuch as he knew it would be revealed in a formal credit check. This issue created a question of fact which was resolved by the board. While this court sympathizes with the claimant's position, nevertheless, the board's finding that the claimant failed to reveal a relevant fact is amply supported by the evidence and as such constitutes misconduct under the Unemployment Insurance Law *(Matter of Rosedietcher [Levine],* 33 NY2d 377). Decision affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.