■ In the Matter of the Claim of BERNARD McINTEE, Respondent. NATIONAL AMBULANCE AND OXYGEN SERVICE, INC., Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from decisions of the Unemployment Insurance Appeal Board, filed August 11, 1977 and September 28, 1977. The facts are undisputed. Claimant was employed as an ambulance driver from October, 1976 until his discharge in March, 1977. The rules and regulations promulgated by the employer contained, *inter alia,* the rule that an ambulance shall not be driven at a speed in excess of 30 miles per hour in the City of Rochester or in excess of the posted speed limit outside the city. Adherence to the rule was required even in emergency situations. The employer testified that the rule was developed as a result of studies made by a nationwide ambulance organization with its purpose to protect the ambulance service and those exposed to ambulance traffic. The claimant had heretofore violated the speed rule and had been warned by the employer against further violation. On the date in question claimant violated the employer's rule by driving at speeds of 48 and 55 miles per hour, violations which were disclosed to the employer by the claimant's codriver. Claimant admitted that he was aware of the speed limit and its reduction to 30 miles per hour and did further admit the violation of the speed rule. He was discharged from employment. Claimant thereupon filed a claim for unemployment insurance benefits and the employer filed objections stating that the claimant had been discharged for misconduct. The board, in affirming the referee, determined that the claimant's activities did not constitute misconduct and held claimant eligible to receive benefits. The board found that the credible evidence indicated that the claimant was responding to a call that a child had stopped breathing and therefore that claimant's judgment in exceeding the employer's speed limit policy was a judgment claimant thought was a proper one. The board determined, under the circumstances of this case, the claimant's actions did not constitute misconduct. We determine that substantial evidence does not support the board's determination. The issue is whether the conceded violation of the employer's rule constituted misconduct. Although it is true that not every violation of an employer's rule constitutes cause for disqualification because of misconduct *(Matter of Figueroa [Levine],* 50 AD2d 998), in this instance the claimant admitted that he traveled at a speed almost twice that allowed by the regulation of the employer because, in his judgment, it was required at the time. We find such a speed rule to be reasonable, designed to protect the occupants of the ambulance, as well as the general public. We also find that the violation of the rule constituted misconduct and determine that the board, in excusing the conceded violation of the rule by finding it was a matter of judgment on the part of the claimant, was in error. There is no substantial evidence to support the board's determination. The claimant's

violation of the rule constituted misconduct and claimant is not eligible for benefits (Labor Law, § 593). Decisions reversed, without costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Kane, Larkin and Herlihy, JJ., concur; Greenblott, J., dissents and votes to affirm in the following memorandum. Greenblott, J. (dissenting). I must respectfully dissent. It is the unrefuted evidence that the claimant drove the ambulance at a speed in excess of the posted speed limit while responding to an emergency call for what he believed was a child who had stopped breathing. While it is true that the claimant broke a company rule, believing it was necessary in order to try to save a child's life, in my view, this did not rise to the level of misconduct (see *Matter of James [Levine],* 34 NY2d 491). As the Court of Appeals stated in *Matter of De Grego (Levine)* (39 NY2d 180, 184): "An employee may be fired * * * and yet still be entitled to unemployment compensation." The board found that claimant's conduct was an exercise of judgment which did not rise to the level of misconduct as defined by the statute. The board's finding that the violation of the rule was, at the most, an error of judgment made during the pressure of an emergency situation, is supported by substantial evidence requiring an affirmance.