■ In the Matter of the Claim of ANTHONY RESTIFO, JR., Respondent. LILLIAN ROBERTS, as Industrial Commissioner, Appellant. — Appeal from that part of a decision of the Unemployment Insurance Appeal Board, filed October 7, 1981, which overruled the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because he lost his employment due to misconduct. The following facts are undisputed: claimant worked as a garage helper for the New York State Office of General Services for approximately three and one-half years, ending in March, 1981. On October 1, 1980, the employer notified claimant of its intention to discharge him because he had

submitted five falsified physician's statements covering eight days of absence from work. Claimant filed a grievance, which was resolved by a disciplinary settlement agreement with the employer, under the terms of which he admitted the falsifications, was reinstated in his job, but was placed on probation for one year. One of the conditions of his probation was that during the entire year he would participate in a specified drug abuse treatment and counselling program. Claimant only attended the treatment program for one month. Upon learning of this violation of the terms of the settlement agreement, his employer discharged him. Claimant then applied for unemployment insurance benefits but was initially ruled disqualified on the alternate grounds that he lost his employment due to misconduct and voluntarily left his employment without good cause. The Administrative Law Judge overruled the commissioner's disqualification on the basis of misconduct but sustained disqualification on the alternate ground of voluntarily leaving without good cause. The appeal board determined that claimant was not rendered ineligible from receiving benefits either because he voluntarily left employment or was guilty of misconduct, holding that claimant's leaving the counselling program was a matter of poor judgment rather than misconduct. Only the board's determination concerning misconduct has been appealed. Misconduct exists if a claimant's conduct is "detrimental to the employer's interest or in violation of a reasonable work condition" (*Matter of De Grego [Levine]*, 39 NY2d 180, 184). Clearly the disciplinary settlement agreement was a work condition — one, in fact, specifically created for claimant in order to give him a chance to be reinstated in his job. Claimant was fully aware of the agreement, and it was approved by his union. Participation in the drug abuse treatment and counselling program for a full year was an essential and mandatory provision of the disciplinary settlement agreement. Clearly, this work condition was reasonable — indeed, more than reasonable — in that it was designed to help claimant overcome a substantial medical problem that was seriously affecting his ability to hold a job. Claimant admitted that he stopped going to the drug abuse treatment and counselling program after a month and that he did so without discussing this decision with either his employer or his drug counsellor. The board's determination, that claimant's admitted, unilateral decision to discontinue the treatment program was merely poor judgment, is erroneous and is not supported by substantial evidence. Claimant's violation of his employer's directive which was embodied in the condition of probation in the disciplinary settlement, with full knowledge of the consequences thereof, was far less justifiable as a mere mistake in judgment than the violation held by us to constitute misconduct in *Matter of McIntee (National Ambulance & Oxygen Serv.—Ross)* (64 AD2d 1003). Therefore, he is not eligible for benefits (Labor Law, § 593). Decision reversed, without costs, and alternate initial determination of Industrial Commissioner disqualifying claimant from receiving benefits due to misconduct reinstated. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.