(September 20, 1984)

■ In the Matter of the Claim of ALFRED GRAJALES, Respondent. NEW YORK TELEPHONE COMPANY, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from

decisions of the Unemployment Insurance Appeal Board, filed November 20, 1980 and December 31, 1982, which ruled that claimant was entitled to receive benefits.

In accordance with our earlier decisions (88 AD2d 709) remitting this matter to the Board for further proceedings, a hearing was conducted and the Board has now determined that claimant was capable of working during the relevant period in issue and therefore is eligible for unemployment benefits. We affirm.

Claimant testified, without contradiction, that he was able to work from June 15, 1980 to July 31, 1980. Although he admittedly is an alcoholic, the disease of alcoholism does not per se render an employee incompetent to work (*Matter of Francis [New York City Human Resources Admin. — Ross]*, 56 NY2d 600). Indeed, the employer implicitly recognized this principle, for after prior alcohol-related episodes, it permitted claimant to resume his employment.

The evidence produced indicates that claimant reported for duty and worked satisfactorily on May 27, 1980 and also on July 31, 1980, when he was reinstated; and, since his testimony that he was not ill and was both available for and had the capacity to work in the interim period between his discharge and reinstatement is unchallenged, there is ample justification for the Board's conclusion.

Unlike *Matter of Restifo (Roberts)* (88 AD2d 1045), the employer's belated assertion in this case, advanced for the first time on this appeal, that claimant's participation in the company's alcohol rehabilitation program was a condition of his employment, was not convincingly demonstrated; consequently, his nonparticipation there did not amount to misconduct.

Decisions affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.