■ In the Matter of the Claim of GAIL SAPP, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 10, 1984, which ruled that claimant was disqualified from receiving benefits because her employment was terminated due to misconduct.

Claimant worked for Dry Dock Savings Bank in New York City from mid-February until the latter part of March 1982. On December 23, 1982, she filled out an employment application seeking a position at Amalgamated Bank of New York. On the application, she listed a number of temporary positions she held over the past five or six years but omitted the fact that she had worked for Dry Dock. Claimant was hired by Amalgamated and worked until a routine check with Federal Bureau of Investigation agents disclosed that claimant had been arrested for grand larceny while employed by Dry Dock. Upon discovering that claimant had failed to disclose her employment at Dry Dock in completing her application questionnaire, Amalgamated terminated her employment.

An employee dismissed for misconduct is disqualified from receiving unemployment benefits as set forth in Labor Law § 593 (3). In order to be disqualified for unemployment benefit

purposes, misconduct must be "in connection with [a claimant's] employment" (*id.*). While not every violation of a company rule may give rise to a finding of misconduct sufficient to disqualify a claimant for benefits (*see, Matter of McHugh [Levine]*, 47 AD2d 676), there was testimony in the record that it was routine policy to dismiss employees who made material misrepresentations or omissions on their applications for employment. Claimant was employed by Amalgamated in a semi-secure position. Because of the sensitivity of the bank's operation and its need to employ only trustworthy people, it was not unreasonable to adopt a policy of eliminating anyone in its employ who is guilty of a misrepresentation. Misconduct which bears materially on a claimant's fitness and integrity to serve in the capacity in which employed is cause for dismissal (*Matter of Punter [Ross]*, 43 NY2d 743), Here, as in *Matter of Rosedietcher (Levine)* (33 NY2d 377, 380), claimant's misrepresentation and omission were material.

Decision affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.