■ In the Matter of the Claim of PAUL ZALOBIN, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.— Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 1984, which ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct.

Claimant was employed as a security guard until his employment was terminated on March 28, 1984. His application for unemployment insurance benefits was initially approved. The employer challenged such determination and, after a hearing, an Administrative Law Judge (ALJ) ruled that claimant lost his employment due to misconduct and was, therefore, ineligible for benefits. Upon claimant's appeal, the Unemployment Insurance Appeal Board adopted the ALJ's findings and affirmed his decision. Claimant now appeals to this court. The employer has not filed a brief and the Commissioner of Labor has indicated that she takes no position on the appeal.

It has been held that the question of whether a claimant was discharged due to misconduct is a question of fact for the Board (Matter of McGlynn [Levine], 52 AD2d 709). Also, resolution of issues involving the credibility of witnesses is within the province of the Board (Matter of Mende [Levine], 50 AD2d 662). Nonetheless, decisions of the Board on these matters will be set aside if they are not supported by substantial evidence in the record. In the instant case, the undisputed evidence establishes that claimant was employed as a security guard at the Empire State Building in New York City. In January of 1984, claimant suffered serious frostbite injuries which rendered him unable to work. He was scheduled to return to work during the week of April 3, 1984, but acceded to his employer's request to work on March 26, 1984 for the 5:00 P.M. to 1:00 A.M. shift. On the next day, claimant worked the same shift. At 1:00 A.M., claimant was found by a fellow guard asleep in a stairwell on the 84th floor of the building. His employment was terminated soon after that incident.

Claimant testified that, at 10:00 P.M., on the night in question, he suffered a spell of dizziness and fainted. He also testified that he had been under a doctor's care for dizziness and fuzzy vision. Subsequent to the hearing, claimant submitted a note from his doctor confirming that he had been under treatment for these conditions since March 23, 1984. The only witness for the employer was one of claimant's supervisors, who testified that "[s]omeone reported" on the night in question that claimant left the building without permission to go to a local bar. The alleged witness was not identified and the

ALJ refused to allow claimant to inquire as to his identity. The witness testified that prior to this time claimant had been a "very good worker". The witness also stated that he found out that another guard had smelled alcohol on claimant's breath. However, no time frame was given and the witness declined the ALJ's offer to adjourn the hearing to bring in the witness. Claimant responded that he left the building, but that he received permission from a named supervisor and did not go to a bar. The employer did not call the supervisor as a witness. Based on this evidence, the Board rejected claimant's version of the events and found that his behavior amounted to misconduct.

The Board's decision is unsupported by substantial evidence and must be reversed. Claimant's testimony presented an issue of credibility. However, the employer presented no evidence of any probative value in opposition. The individual who testified did not have personal knowledge of any of the relevant facts. Further, the employer could have called other witnesses, if indeed they really existed, who had personal knowledge of any relevant facts. In light of the failure of the employer to provide any evidence of any probative worth, it was irrational for the Board to reject claimant's testimony out of hand.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.