■ In the Matter of the Claim of ROBERT A. STICKANE, Appellant. ITHACA COLLEGE, Respondent; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Mahoney, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 29, 1985, which ruled that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct.

Claimant worked as a custodian at Ithaca College for about five years until September 26, 1983. During this time, claimant had undergone therapy for emotional problems. Claimant worked in a dormitory which housed both male and female students. In early September 1983, several students found a notebook kept by claimant in a supply closet. In the notebook, claimant had written numerous entries containing graphic descriptions of sexual torture, mutilation and rape. The notebook also contained a list of the names of many of the students together with their room numbers. The students, alarmed for their safety, brought the notebook to the attention of the school authorities. The college, concerned for the safety of the students, called claimant to a meeting and requested that he sign a consent form which would allow the employer to contact the psychologist who had previously treated claimant. Claimant refused to sign the consent form but assured the employer that he would let them know the next day whether he would sign the form. The college placed claimant on a two-week paid leave of absence during which time they hoped to receive the requested assessment of claimant's mental condition.

During the two weeks that followed the meeting, the college

investigated the matter. During the course of its investigation, it received information that claimant had kept an earlier notebook which described rapes, sex with children, murder and a diagram of a table described as a "rape table". The investigation further revealed that claimant had indicated a sexual interest in two female students residing in the dormitory where he was employed and had exposed himself to a female custodian. It also became known that claimant had written antireligious and anti-Semitic statements on the walls of the men's lavatory. At the end of the two-week period, since the college had not been given access to necessary information regarding claimant's mental condition, claimant was discharged.

Claimant filed a claim for unemployment insurance benefits and was initially ruled to be eligible. After a hearing, an Administrative Law Judge determined that claimant was disqualified from receiving benefits because he failed to comply with a reasonable request of the employer. On appeal, the Unemployment Insurance Appeal Board remanded the matter for a further hearing. Claimant did not testify at the hearing on remand. After further testimony was taken, the Administrative Law Judge ruled that claimant was disqualified by misconduct for failure to authorize the employer to consult with his therapist. The Board affirmed. This appeal by claimant ensued.

We affirm. For purposes of the Unemployment Insurance Law, misconduct exists if a claimant's conduct is detrimental to the employer's interest or in violation of a reasonable work condition (Matter of Restifo [Roberts], 88 AD2d 1045). Further, conduct which bears materially on a claimant's fitness and integrity to serve in the capacity in which employed may constitute misconduct (Matter of Sapp [Roberts], 111 AD2d 977, 978). Here, as a result of the discovery of claimant's notebook, the college, concerned for the safety of the students residing in the dormitory where claimant was employed, could reasonably question claimant's mental health and condition his continued employment upon a professional evaluation of the employee's emotional stability. Accordingly, we conclude that claimant's failure to authorize the college to consult with his therapist constitutes misconduct in connection with his employment. The decision is supported by substantial evidence and must be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.