■ In the Matter of the Claim of JENNIFER BEYKIRCH, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Main, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 21, 1986, which ruled that claimant was disqualified from receiving benefits because her employment was terminated due to misconduct.

Claimant does not challenge the findings of fact made by the Administrative Law Judge (ALJ) and affirmed by the Unemployment Insurance Appeal Board. These facts are as follows. Claimant worked as a residence counselor in a home for mentally handicapped women from September 1983 until December 1984. On December 7, 1984, claimant was attacked by a developmentally disabled resident. While attempting to restrain the resident, claimant became angry and slammed the resident's body to the floor several times. The ALJ found that this behavior was contrary to the employer's rules and therefore constituted misconduct. Claimant contends that, as a matter of law, her actions constituted bad judgment at most but did not rise to the level of misconduct.

We affirm the Board's decision. While a discharge of an employee "for cause" does not necessarily mean that the employee has been discharged for misconduct (Matter of Hulse [Levine], 41 NY2d 813), the question of whether a claimant was discharged for misconduct is a question of fact for the Board (Matter of Zalobin [Roberts], 115 AD2d 168; Matter of Effress [Levine], 52 AD2d 708). Misconduct will be found to exist if a claimant's conduct is detrimental to the employer's

interest or in violation of a reasonable work condition *(Matter of Restifo [Roberts],* 88 AD2d 1045). Here, testimony established that employees were not permitted to use force on a resident as claimant did in this matter. Thus, the Board could find that claimant's actions were detrimental to her employer's interest and contrary to her employer's rules, and therefore constituted misconduct.

Decision affirmed, without costs. Kane, J. P., Main, Weiss, Levine and Harvey, JJ., concur.