■ In the Matter of the Claim of JOSEPH W. BERNET, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 12, 1989.

Claimant was discharged from his employment on August 13, 1987 for engaging in conduct which violated the employer's rules. In particular, claimant engaged in the unauthorized photographing of the employer's time card rack which contained employees' names, addresses and hours worked. Claimant sought unemployment insurance benefits, and his union filed an unfair labor practice charge with the National Labor Relations Board. The local office determined that claimant was disqualified from receiving unemployment insurance benefits because he had lost his employment due to misconduct. The initial determination was sustained by an Administrative

Law Judge (hereinafter ALJ) following a hearing, and the Unemployment Insurance Appeal Board affirmed in a decision filed February 19, 1988. In the meantime, on December 9, 1987, claimant, his union and the employer entered into an agreement for the purpose of disposing of the unfair labor practice charge. The union agreed to withdraw the charge, the employer agreed to pay $11,000 to claimant as severance pay and claimant waived any right to reinstatement of his employment. In addition, the employer agreed not to contest any appeal on claimant's behalf in connection with his application for unemployment insurance benefits.

On claimant's appeal from the Board's decision, the Attorney-General noted that the agreement had not been made a part of the record at the time the Board rendered its decision. Remittal to the Board was requested to permit consideration of the effect, if any, of the agreement. By decision dated April 20, 1989, this court reversed the Board's decision concluding that remittal was necessary to afford the Board "an opportunity to consider what effect, if any, should be given to this agreement" (149 AD2d 834, 835). On remittal, the Board concluded that the agreement had no bearing on the question of whether claimant lost his employment due to misconduct within the meaning of the Unemployment Insurance Law, and again affirmed the ALJ's decision. This appeal ensued.

Claimant contends that photographing the time cards did not technically violate any of the employer's rules and that before entering the plant to take the photographs he had read over the employer's handbook to be sure that he would not violate any rule. Nevertheless, he conceded at the hearing that he and another employee sought to conceal their actions from management because they were fearful of disciplinary action, and the employer's representative testified that claimant's conduct violated the employer's rules and policies. In a decision affirmed by the Board, the ALJ concluded that claimant's actions were detrimental to the interests of his employer, and there is substantial evidence in the record to support this finding. For the purposes of the Unemployment Insurance Law, a finding of misconduct will be sustained if the claimant's actions are detrimental to the employer's interest or in violation of a reasonable work condition (*Matter of Beykirch [Roberts]*, 125 AD2d 857, *lv denied* 73 NY2d 704; *Matter of Stickane [Ithaca Coll.—Roberts]*, 122 AD2d 476). There is no basis for disturbing the Board's finding that claimant's actions rose to the level of misconduct within the meaning of the Unemployment Insurance Law.

We also find nothing irrational in the Board's finding that the agreement which settled the unfair labor practice charge had no effect on the question of whether claimant lost his employment through misconduct. The agreement did not alter the factual basis for claimant's discharge, and the employer's agreement not to contest claimant's appeal did not preclude the Board from examining the factual basis for claimant's discharge.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.