■ In the Matter of the Claim of Anthony M. Federico, Appellant. Thomas F. Hartnett, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment

Insurance Appeal Board, filed January 28, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant's co-worker testified that he was loud and disruptive toward her, that his conduct was observed by other employees and that, *inter alia,* she felt degraded and offended. Claimant admitted that he called the co-worker an "idiot" and an "ass", and he also conceded that he knew the employer's handbook required him to treat fellow associates with respect and integrity and that he could be discharged for not acting in the employer's best interests. Claimant had also been recently placed on probation for other job-related shortcomings and had been advised that any further incidents would result in his termination. Given that employees who fail to adhere to company rules are subject to disqualification from unemployment insurance benefits for misconduct *(see, Matter of Olan [Ross],* 60 AD2d 113) and that claimant had been placed on probation due to insufficiency of work performance *(see, Matter of Valentin [American Museum of Natural History—Roberts],* 103 AD2d 919), the conclusion by the Unemployment Insurance Appeal Board that claimant's actions were in substantial disregard of the employer's interests and its decision to therefore deny such benefits is supported by substantial evidence and must be upheld *(see, Matter of Beykirch [Roberts],* 125 AD2d 857, *lv denied* 73 NY2d 704).

Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.