◼ In the Matter of the Claim of MURIEL LANDAU, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 24, 1991, which disqualified claimant from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

There is substantial evidence in the record to support the determination of the Unemployment Insurance Appeal Board that claimant voluntarily left her employment without good cause. Claimant contends that she left her job as a bookkeeper because, over the past two years, her employer unduly criticized her work and constantly harassed her. On the day that she quit, claimant, along with two co-workers, became upset when they found a directive on their desks from their employer setting forth new procedures to be followed. It has been held that the inability to get along with a supervisor does not constitute good cause for leaving employment *(see, Matter of Grossman [Levine],* 51 AD2d 853; *Matter of Snapperman [Levine],* 50 AD2d 1029; *Matter of Lenner [Levine],* 50 AD2d 702).

Finally, we find nothing irrational in the Board's finding that it is not bound by a conciliation agreement between claimant and the employer wherein the employer agreed, in settling an age discrimination proceeding before the State Division of Human Rights, not to object to claimant's receipt of unemployment insurance benefits. As we have held under similar circumstances, such an agreement does not "preclude the Board from examining the factual basis for claimant's discharge" (see, Matter of Bernet [Hartnett], 165 AD2d 957, 959).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.