■ In the Matter of the Claim of VERNON E. HALL, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.

[597 NYS2d 252] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 16, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a cleaner for his employer in a building occupied by a public utility. On his last day of employment he admittedly used the utility's loudspeaker system to announce throughout the building that two of the utility's employees were "making out" in the building's lobby. The employer's president testified that all of the employer's cleaners, including claimant, had specifically been warned not to use the utility's loudspeaker system. Instead, they were to use a more limited system and to only call security or their supervisor if the need arose. As a result of the incident, the utility told the employer that it no longer wished to have claimant continue working there. There was also testimony that there were no other job openings in claimant's area.

Misconduct will be found to exist if the employee's conduct is detrimental to the employer's interest or violates a reasonable work condition *(see, Matter of Beykirch [Roberts],* 125 AD2d 857, *lv denied* 73 NY2d 704). On the record before us there is substantial evidence to support the conclusion by the Unemployment Insurance Appeal Board that claimant knew or should have known that his actions were contrary to the employer's best interest and that they might place his job in jeopardy *(see, Matter of Bernet [Hartnett],* 165 AD2d 957). Claimant's contentions to the contrary raise questions of credibility which were within the Board's exclusive province to resolve *(see, Matter of Padilla [Sephardic Home for the Aged—Roberts],* 113 AD2d 997).

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.