■ In the Matter of the Claim of JONATHAN D. SCHANCUPP, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [642 NYS2d 977] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 14, 1995, which, *inter alia*, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was terminated from his job as a waiter after he informed two patrons that the tip they left him was inadequate. The Board found that claimant was terminated for misconduct and, *inter alia*, disqualified him from receiving unemployment insurance benefits. Claimant contends that the Board's decision must be reversed because his actions did not rise to the level of misconduct. We disagree. The employer's representative, who witnessed the incident, testified that claimant rudely approached two patrons demanding that they leave him a larger tip. As such actions are clearly detrimental to the employer's interests (*see generally, Matter of Bernet [Hartnett]*, 165 AD2d 957, 958), we see no basis for disturbing the Board's finding that claimant's actions rose to the level of misconduct within the meaning of the Unemployment Insurance Law.*

Crew III, J. P., White, Casey, Yesawich Jr. and Peters, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* To the extent that claimant contends that he was unaware of the employer's apparent policy prohibiting waitstaff from questioning customers regarding gratuities and, as such, he should not have been discharged on that basis, we need note only that the record indicates, and both the Administrative Law Judge and the Board found, that claimant was discharged not because of his violation of the alleged policy but because he was blatantly rude to customers.