■ In the Matter of the Claim of WILLIAM H. OVERTON, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 6, 1974, which modified and affirmed a decision of a referee sustaining the initial determination of the Industrial Commissioner. The board held that claimant was disqualified from receiving benefits effective March 12, 1974 because he lost his employment through misconduct. Claimant was employed by a bread manufacturer as a porter and mechanic's helper. The board found that he "had a poor work record, frequently arguing before he would do work assigned to him, on the ground that he was doing something else, that he had to finish what he was doing, and that it was not his job. On a prior occasion, when he refused to wash down the oven, he had been suspended for a week, although this would normally be grounds for discharge". The board also found that it was claimant's regular duty to remove frozen bread from a small freezing room for shipment. This occurred about twice a month and the operation would require about a half hour, although claimant would be required to be in the freezing room for only a small portion of that time. On the last day, claimant refused to do this work, without giving a reason. He was discharged forthwith. The board also found that at no time was the employer advised by the claimant that working in the freezing room was detrimental to his health. Furthermore, while the employer had medical notes concerning the claimant, none of them referred to arthritis or the harmful effect of temperature changes. The employer's general manager testified that the employer was never told that claimant ever suffered from arthritis. It was claimant's testimony that from 1971

until March 11, 1974, the date of his discharge, he was never asked to enter the freezer. This was denied by the manager who testified that claimant went into the freezer whenever it was necessary. The board thus resolved the questions of credibility against the claimant. Credibility, when in issue, is 'a matter within the sole province of the board *(Matter of Lester [Catherwood]*, 30 AD2d 1025). Based upon the testimony, there is substantial evidence to support the factual finding of the board that claimant lost his employment through misconduct. *(Matter of James [Levine]*, 34 NY2d 491.) Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.