In the Matter of the Claim of GERTRUDE MARKOVIC, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant because she lost her employment through misconduct. Claimant, a jewelry salesperson, was discharged from her employment because she refused to follow certain orders given to her by an assistant to the vice-president. Claimant admitted that she was capable of handling the assignment, but refused "since it's beneath my level of experience". Subsequently, she refused to follow orders given directly to her by the vice-president and she was discharged. The claimant's contention that she did not refuse to follow orders raises a question of credibility and such question is within the sole province of the board *(Matter of Lester [Catherwood]*, 30 AD2d 1025). The employer must have the right to instruct its employees as to how work is to be done. A refusal by an employee to obey a lawful order constitutes misconduct so as to disqualify the employee from receiving benefits *(Matter of James [Levine]*, 34 NY2d 491). Decision affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.

In the Matter of the Claim of ENRIQUE RODRIGUEZ, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner holding claimant ineligible to receive benefits effective May 13, 1975 because he was not totally unemployed. In applying for benefits, claimant signed a summary of interview in which he stated that he lived in a rent-free apartment in a building of which his brother was superintendent because he helped his brother with various caretaking activities. At the hearing claimant contended that he did not work in the building and that he lived in his brother's apartment. There was thus created a question of credibility, the resolution of which by the board must be sustained if based on substantial evidence. In view of the details in the signed summary of interview as to the work performed by claimant, there was substantial evidence to warrant the board in refusing to accept claimant's later contentions put forth at the hearing. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Koreman and Main, JJ., concur.