■ In the Matter of the Claim of JOYCE UTLEY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 30, 1975, which affirmed the decision of a referee modifying the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that she voluntarily left her employment without good cause, to disqualification on the ground that she lost her employment through misconduct. Whether the claimant, a stock girl, lost her employment through her own misconduct in connection therewith is a factual determination and must be affirmed by this court if there is substantial evidence to support the board's findings (Labor Law, § 623; *Matter of Lester [Catherwood],* 30 AD2d 1025). Claimant refused to operate a machine as requested by her employer and at the hearing testified that she would only operate the machine if she were paid more money. The employer testified that operating the machine was part of the claimant's job and that stock girls and machine operators receive the same salary. The record amply supports the board's determination and must be affirmed *(Matter of Keefe [Levine],* 50 AD2d 1002).

Claimant alleges that her due process rights were violated because she received notice that she was being charged with voluntarily quitting her job without good cause when the hearing itself revolved around her being discharged for her misconduct. The original notice of determination, delivered to the claimant, stated that she left her employment without good cause in that she quit rather than comply with her employer's reasonable request. Her original claim for benefits stated that she was being fired because she did not want to do another person's job. The record supports the conclusion that the claimant was adequately and fully apprised that her refusal to operate the machine was the issue at the hearing and on this record we find that the board did not abuse its discretion in refusing to reopen the instant case (Labor Law, § 534). Decision affirmed, without costs. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.