■ In the Matter of the Claim of BETTY J. LUDWIG, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 14, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective January 10, 1975 because she voluntarily left her employment to follow her spouse to another locality. Claimant's insistence that she voluntarily left her employment because she couldn't support herself and her recently disabled husband in this State, and that her husband followed her to North Carolina, her native State, does not make her voluntary separation from employment one with good cause. (Labor Law, § 593.) Claimant concedes that her husband doesn't require any special care. There is no evidence in the record that economic conditions in North Carolina are any better than those in New York. Claimant could have stayed in New York and continued working for her employer. Her job termination, therefore, was for a personal and noncompelling reason and there is substantial evidence in the record to support this conclusion of the board. It cannot be disturbed. Decision affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of ANN MCGLYNN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 10, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits upon the ground that she lost her employment through misconduct. Claimant's denial of the employer's allegation that she failed to adhere to the rules and policies pertaining to the cashing of checks, acceptance of credit cards, ordering of merchandise and lunch hour limits presented questions of fact and credibility. A determination as to misconduct is a factual one and, since the resolution of the issues here were all within the province of the board and were supported by substantial evidence, they must be sustained (Labor Law, § 623; *Matter of Lester [Catherwood],* 30 AD2d 1025). Claimant's other contentions concerning the hearing are not supported by the record. Decision affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.