■ In the Matter of the Claim of LOUISE A. RISDELL, Appellant. LOUIS

L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 28, 1975, which adopted and affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she lost her employment through misconduct. The board found: "Clearly, claimant used bad judgment when she changed the listing of her own telephone number without prior approval by a supervisor. Likewise, it is clear that the employer did not suffer as a result of claimant's act. Nevertheless, the employer, a large public utility with vast public responsibility, must make reasonable work rules in order to properly operate. It is significant that at the time claimant violated the employer's rules, she knew of the rule and knew that she violated it. By changing the directory listing from her own name to that of a fictitious person, the type of service claimant was enjoying as a concession from the employer was no longer accurately reflected on the company's records as required by the employer's regulations. Claimant's course of conduct was misconduct within the meaning of the Unemployment Insurance Law." There is substantial evidence to sustain the board's finding. The claimant introduced at the hearing considerable testimony as to collateral issues, apparently not considered by the board and certainly not germane to its decision. Decision affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.