■ In the Matter of the Claim of ANTHONY CENTINEO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 2, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective May 14, 1975 on the ground of misconduct. Claimant, an automobile salesman, was directed by his employer to proceed to another automobile agency and pick up a car which he had sold. When claimant refused to do so, he was discharged. The board held that claimant's conduct constituted misconduct since it was necessary to bring the automobile in question to the employer's premises in order to complete the sale. The board found that the employer's request was reasonable. A refusal to complete work assigned in the regular course of the employer's business constitutes misconduct so as to disqualify a person from receiving unemployment insurance benefits. Decision affirmed, without costs. Koreman, P. J., Greenblott, Kane, Herlihy and Reynolds, JJ., concur.

■ In the Matter of the Claim of CONSTANCE FARLEY, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 1, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective January 4, 1975 because she voluntarily left her employment without good cause. Claimant was employed in Westbury, Long Island, from April 1, 1974 to January 3, 1975. She lived with her mother in Merrick, Long Island, approximately 10 minutes travel time from her place of employment. On October 16, 1974, at his request, she moved to her son's home in Hopeland, New Jersey. Thereafter, she found travel time and cost of transportation to her job in Long Island to be excessive and she resigned on January 3, 1975 because of her transportation difficulties. Claimant's move to New Jersey was for a personal and noncompelling reason and her transportation difficulties arose from her voluntary act of moving to an area which was distant from her place of employment. The board properly found she left her employment without good cause so as to disqualify her from receiving benefits. Decision affirmed, without costs. Koreman, P. J., Greenblott, Kane, Herlihy and Reynolds, JJ., concur.