■    In the Matter of the Claim of DENNIS HERWIG, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board filed November 25, 1977, which affirmed a decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective June 22, 1977 because he lost his employment through misconduct in connection therewith. Claimant worked for his employer, a hospital, as a radiology technician from August 14, 1974 to June 22, 1977 when he was discharged for refusal to sign or accept a written warning in regard to his conduct. Claimant had admittedly received several prior verbal warnings, at least one of which was written and on which he had written a comment concerning his conduct. The employer's witness testified that claimant gave no reason for his refusal to sign the warning notice. The board, therefore, could properly reject claimant's contention that he gave a reason for his refusal. Furthermore, there was evidence that claimant refused to work weekends, then became insolent to his supervisor and finally refused to accept the written warning with knowledge that to do so could result in the loss of his employment. The refusal was the last act in a continuum of related events concerning his conduct which led to his discharge. The determination of whether a claimant lost his employment through misconduct is a factual one for the board (Matter of McGlynn [Levine], 52 AD2d 709; Matter of Markovic [Levine], 50 AD2d 1031). The board, in determining this question, may rely upon the entire course of conduct of the claimant leading up to the final act precipitating his termination (Matter of Brooks [Levine], 38 NY2d 965; Matter of Morgen [CBS, Inc.—Ross], 54 AD2d 523, 525). The decision of the board is supported by substantial evidence and we must, therefore, affirm. Decision affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.