■ In the Matter of the Claim of GAYLE SINGLETON, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 8, 1980, which rescinded a prior decision of the board, reversed the decision of an Administrative Law Judge, and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she lost her employment through misconduct. Upon her return to work as a trainee at the employer's farm research center, the board found that the following occurred: "[C]laimant was given a memorandum by her supervisor which outlined her job duties and responsibilities and advised her that she would be on probation

from February 23 until April 1, 1979. Claimant protested the probation and refused to sign acknowledgement of receipt of this memorandum as directed. She was warned that her refusal to acknowledge receipt would lead to her termination. Claimant refused to accept probation and to acknowledge receipt of the memorandum and was, accordingly, terminated effective February 21, 1979." It concluded that these facts were similar to the circumstances presented in *Matter of Herwig (Ross)* (68 AD2d 997) and ruled that claimant lost her employment through misconduct. In our view, the board's reliance on *Herwig (supra)* is misplaced. There the refusal was without reason and was the last act in a series of related events concerning the employee's conduct. Here, while the employer's representative and claimant presented accounts which differed in many respects, both agreed that claimant expressed a definite reason for declining to sign the memorandum; namely her fear it would constitute an admission of past deficiencies. Moreover, the memorandum itself was not introduced at the hearing and the initial determination sent to claimant did not specify any acts of prior misbehavior which assertedly led to her discharge. Assuming the entire course of her employment conduct was subject to review under these circumstances, no finding was made that claimant had previously violated any definite rule of the employer. The record makes it plain that claimant did not voluntarily separate herself from employment (see *Matter of Hulse [Levine]*, 41 NY2d 813) and a period of probation could be imposed upon her by the employer whether or not she agreed to such condition. Thus, the only basis established for the discharge was her refusal to acknowledge the receipt of a piece of paper. Even if her reason therefor was unjustified, the infraction hardly rises to the level of disqualifying misconduct (cf. *Matter of James [Levine]*, 34 NY2d 491). The board's decision is without substantial evidentiary support. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.