■ In the Matter of the Claim of DINO DE CHERRO, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeals from decisions of the Unemployment Insurance Appeal Board, filed January 29, 1981 and February 19, 1981. The board has affirmed an initial determination that the claimant was disqualified from benefits because he lost his employment due to misconduct. Claimant appears to have established that throughout the period of January, 1979 to November 5, 1979, his last day of work, he was suffering from an illness. However, claimant did not establish that such illness would interfere with following simple directions or that it would render him unable to follow routine treatment recommendations. The claimant reported for work on October 25, 1979. At that time he submitted a written statement that he desired to work part-time and would accept the status of being on leave without pay whenever he could not work a full day. Claimant was notified that any absences would be considered unauthorized and he would be penalized if he did not report to work. Nevertheless he did not again report until November 5, 1979 and at that time he was requested to report to a particular office and refused. Claimant also directed an obscenity at a coemployee on that day. The board has found: "While claimant appears to be suffering from an illness, he has made no reasonable effort to pursue a course of treatment. An employer is entitled to expect reasonable and prompt attendance from an employee. He [claimant] expected to be suspended on November 5. Claimant's conduct, therefore, was contrary to the best interest of the employer. It did rise to the level of misconduct in connection with the employment." Issues of credibility and fact are for the board. Since its finding of misconduct is supported by substantial evidence, the decisions must be affirmed. Decisions affirmed, without costs. Main, J.P., Casey, Mikoll, Yesawich, Jr., and Herlihy, J., concur.