■ In the Matter of the Claim of KARL V. NUNES, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 12, 1983, which ruled that claimant was disqualified from receiving benefits because he lost his employment through misconduct. Claimant was employed as a messenger for a printing company from July, 1981 until September 7, 1982. On that day, claimant left work at 5:00 P.M. without permission, one-half hour before his normal workday ended. By initial determination, claimant was disqualified from receiving benefits effective September 8, 1982 because he voluntarily left his employment without good cause and, alternatively, because he lost his employment through misconduct. At the hearing, the employer testified that claimant was told to stay until 5:30 P.M., but refused. The administrative law judge reopened the already closed hearing when claimant appeared late. Claimant then testified that he had requested permission to leave work early because of a family emergency, but was refused permission. The administrative law judge reversed the initial determination and the employer appealed. A further hearing was held before an administrative law judge pursuant to an order of remand by the board. Based on the record, the board found that claimant lost his employment because of insubordination in disobeying a direct instruction of a superior. The board rejected claimant's testimony concerning a family emergency as his testimony was inconsistent and vague. The initial determination was sustained. On this appeal, claimant argues that the order of remand was improper as the employer's representative was late to the first hearing and the employer therefore should not have been afforded an opportunity to cross-examine claimant. Further, claimant contends that he had never previously left work early. Despite claimant's contentions, the record reveals that it was in fact claimant who was late to the first hearing and the employer should therefore indeed have been given the opportunity to cross-examine. An examination of claimant's time cards, which were submitted at the first hearing, reveals that claimant had left work early previously, and claimant's own testimony supported this finding. The determination of credibility is left solely to the board (Labor Law, § 623) which is free to accept testimony from the employer and reject that of claimant (*Matter of Mankowski* [*Levine*], 50 AD2d 962). Leaving work without permission has been held to constitute misconduct (*Matter of Di Geronimo* [*Ross*], 53 AD2d 797). The determination of misconduct is a factual issue to be determined by the board and sustained if supported by substantial evidence (*Matter of McGlynn* [*Levine*], 52 AD2d 709). As it is within the board's discretion to remand a case to an administrative law judge for further hearing (Labor Law, § 621, subd 3), and there is no showing of an abuse of discretion in this case, the decision of the board must be affirmed. Decision affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.