■ In the Matter of the Claim of BETH ABBOTT, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.— Casey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 27, 1987, which, upon reconsideration, adhered to its prior decision determining that claimant was ineligible for benefits because she had reasonable assurance of continued employment.

Claimant, a certified English teacher with a Master's degree, was appointed from November 9, 1983 through April 13, 1984 by the Springville-Griffith Institute Central School District as "a regular substitute English teacher". She had been employed in the same capacity by another school district during the previous academic year. Claimant's employment by Springville-Griffith ceased on April 13, 1984 when the teacher she had replaced returned from maternity leave.

From April 14, 1984 through September 3, 1984 claimant was unemployed and received benefits. By letter dated July 2, 1984, Springville-Griffith inquired if claimant wished to continue on "the active substitute list" for the 1984-1985 school year. Claimant did not respond to this inquiry for the reason that she believed this list was used to fill per diem substitute teacher positions. Accordingly, her name was not placed on the active substitute list. Claimant contends that she was inexperienced in per diem substitute teaching and that the pay differential between regular substitutes at $73 per day and per diem substitutes at $33 per day was grossly disproportionate. Notwithstanding her rejection of per diem employment, on August 17, 1984 claimant was offered and she accepted a position as a regular substitute teacher for the 1984-1985 school year and undertook such position on September 4, 1984.

Claimant applied to the Unemployment Insurance Appeal Board to reopen and reconsider its prior decision, dated May 29, 1985, which affirmed the decision of an Administrative Law Judge denying her benefits and ordering recoupment. The Board granted claimant's application to reopen and rescind its prior decision. The Board ultimately decided that the letter of July 2, 1984 provided claimant with reasonable

assurance of instructional employment for the 1984-1985 school year. The Board held that this letter expressed a good-faith intention to place claimant's name on the list from which substitutes are called to teach and was a good-faith consideration of offering the possibility of per diem work to claimant constituting reasonable assurance of employment. It was further decided that suitability for per diem work for a teacher who has never taught as a per diem substitute is to be considered only when such position is offered.

The Board refused to consider and apply the most recent Unemployment Insurance Program Letter (No. 4-87), issued by the Employment and Training Administration of the Federal Department of Labor, which set forth new guidelines to State administrative agencies regarding the interpretation of the phrase "reasonable assurance" as it relates to the denial of benefits contained in Labor Law § 590 (10). The basis of the Board's refusal to apply the new standards was that claimant's situation related to a period occurring prior to the promulgation and adoption of the new Program Letter. This refusal to consider the effect of the Program Letter stamps the Board's decision as arbitrary. The Board was required to apply the law as it existed at the time of its decision since the manifest purpose of the new standards was remedial in nature *(see, Matter of Robinson [Catherwood],* 11 AD2d 374, 376-378).

The decision of the Board should, therefore, be reversed and the matter remitted to the Board for consideration of claimant's appeal in light of the standards contained in the Program letter.

Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.