■ In the Matter of the Claim of MICHAEL FISHER, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. —Levine, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 11, 1986, which ruled that claimant was disqualified from receiving benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment for refusing to sign a report prepared by his supervisor which stated that claimant, on a particular day, reported to work in violation of the employer's dress code. The report contained the following statement: "Signing this form is required. However, your signature only means that the contents of this document have been discussed with you. It does not mean that you agree." Claimant refused to sign the report and persisted in his refusal even after he was advised that he would be fired if he did not sign the report. Following his termination, claimant sought unemployment insurance benefits. The Unemployment Insurance Appeal Board determined that claimant's refusal to sign the report was both a knowing violation of the employer's policy and insubordination in failing to follow a reasonable

order of his employer. The Board ruled that claimant's actions constituted disqualifying misconduct. This appeal ensued.

On appeal, claimant contends that he did not sign the report because it would constitute an admission which could be used against him. The statement appearing at the bottom of the form belies this contention, however, and distinguishes claimant's case from *Matter of Singleton (Ross)* (82 AD2d 952), where we held that an employee was not guilty of misconduct for refusing to sign a written reprimand where the employee had objected on the ground that her signature would constitute an admission of wrongdoing and where she had been given no assurance to the contrary. Since claimant received such assurance here, his failure to comply with his employer's order that he sign the form was unjustified and could be considered misconduct *(see, Matter of Centineo [Levine],* 53 AD2d 759; *Matter of Overton [Levine],* 49 AD2d 775). Furthermore, the Board could properly find that claimant's knowing violation of his employer's rules constituted misconduct *(see, Matter of McIntee [National Ambulance & Oxygen Serv.— Ross],* 64 AD2d 1003; *Matter of Green [Levine],* 53 AD2d 782; *Matter of Risdell [Levine],* 52 AD2d 1025).

Decision affirmed, without costs. Kane, J. P., Casey, Levine, Harvey and Mercure, JJ., concur.