■ In the Matter of the Claims of FELTON BRANDON et al., Appellants. JAY PETERS et al., Respondents; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Mikoll, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 18, 1989, which ruled that claimants were ineligible to receive unemployment insurance benefits because their employer was not liable for unemployment insurance contributions.

Claimants were Florida residents who worked picking apples on the employer's farm in New York at various times during the third and/or fourth quarters of 1983. Pursuant to Labor Law § 564 (1) (a), if the employer paid cash remuneration of $20,000 or more in any calendar quarter of a year to persons employed in agricultural labor on its farm it would be liable for unemployment insurance contributions and claimants would have had covered employment in New York. When claimants initially filed for unemployment benefits in Florida their claim for a transfer of funds to increase their Florida unemployment benefits was denied. Claimants appealed the denial of their claims, alleging that the employer had paid a bonus in April 1984 to persons employed as agricultural workers for work done in the last quarter of 1983 which, if so credited, would have raised the employer's total wages paid in that quarter (which were $19,753.15) above the $20,000 threshold, thereby rendering the employer subject to unemployment insurance contributions. This would have given claimants the necessary covered employment in New York for the transfer of benefits to Florida. A hearing was held before

an Administrative Law Judge (hereinafter ALJ) after which the ALJ upheld the denial of benefits. The ALJ's determination was affirmed by the Unemployment Insurance Appeal Board and this appeal followed.

Claimants primarily contend that the Board's determination that the 1984 payments should not be credited to 1983 because they were bonus payments and not earnings paid in 1983 was not supported by substantial evidence and erroneous as a matter of law. We disagree. The determination of the Board that the April 1984 bonus payments were conditioned upon acceptance and approval by the purchaser of the harvested fruit depending on its condition at that time and not definitely assignable to any 1983 payroll quarter was based on substantial evidence and should therefore be affirmed (see, 12 NYCRR 470.2 [b] [1]; Matter of Fisher [Levine], 36 NY2d 146; Matter of McGlynn [Levine], 52 AD2d 709). The interpretation and application of 12 NYCRR 470.2 (b) (1) (ii) by the Board has a rational basis and is therefore final (see, Matter of Marsh [Catherwood], 13 NY2d 235, 240). The conflicting evidence merely presented questions of credibility for the Board to resolve (see, Matter of Nunes [Roberts], 98 AD2d 934).

We find no error in the Board's other rulings, including the denial of claimants' request for production of the addresses of the employer's 1983 employees and the 1984 canceled checks.

Decision affirmed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.