■ In the Matter of the Claim of JOSEPH T. FARMER, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 13, 1989, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Although claimant argues that the necessity of retaining an attorney for a personal court matter compelled him to leave his job when he did, a witness for the employer testified that claimant left because he did not want to perform a certain duty as he had been instructed to do. Furthermore, he would have been finished at 3:30 P.M. and instead left at 1:00 P.M., and he admitted he told no one he was leaving. Given that the Unemployment Insurance Appeal Board in the exercise of its fact-finding power and on the basis of substantial evidence found against claimant, its conclusion that he voluntarily left his employment without good cause must be upheld (see, Matter of Weber [Catherwood], 32 AD2d 697).

Decision affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ In the Matter of the Claim of ANTHONY SAPONARA, Appellant. OLIVETTI CORPORATION, Respondent; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 1990, which, upon reconsideration, adhered to its original decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Although claimant argued that he could not attend the three-day instructional seminar as directed by the employer, he did not offer a satisfactory explanation for such failure. Furthermore, while he claimed that he was told he did not have to attend, this was a question of credibility within the sole province of the Unemployment Insurance Appeal Board (see, Matter of Nunes [Roberts], 98 AD2d 934). Under the circumstances, the conclusion that claimant's failure to attend the seminar constituted misconduct must be upheld (see, Matter of Markovic [Levine], 50 AD2d 1031).

Decision affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.