■ In the Matter of the Claims of ROSEMARY A. OSWALD et al., Appellants. THOMAS F. HARTNETT, as Commissioner of

Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 6, 1989, which ruled that claimants were disqualified from receiving unemployment insurance benefits because their employment was terminated due to misconduct.

Upon claimants' continued refusals to perform additional duties because of a decrease in the amount of work in their department, the employer terminated their employment. Claimants contended that they were not trained for the new duties and their normal job would suffer, both of which they claimed would cause them stress. Contrary to claimants' contentions, the record establishes that the new job responsibilities would only take up 2 to 3 hours each week, would not extend their work day and the skill level needed to perform the new duties was equivalent to their normal duties. In addition, claimants failed to offer any evidence of stress. Under the circumstances and given that this was a reasonable request in light of the employer's financial condition at the time, we find substantial evidence to support the Unemployment Insurance Appeal Board's decision that claimant's refusal to take on these duties constituted misconduct *(see, Matter of Centineo [Levine],* 53 AD2d 759; *Matter of Utley [Levine],* 51 AD2d 823).

Decision affirmed, without costs. Mahoney, P. J., Mikoll, Levine, Crew III and Harvey, JJ., concur.