In the Matter of the Claim of ARTHUR K. HODGES et al., Appellants. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.

Third Department, October 24, 1991

## APPEARANCES OF COUNSEL

*Sargent, Repka & Pino (Nicholas J. Sargent* of counsel), for appellants.

*Robert Abrams, Attorney-General (Steven A. Segall* of counsel), for respondent.

## OPINION OF THE COURT

CREW III, J.

Arthur K. Hodges is a civil service employee who works as a custodian for the Buffalo City School District.[1] Each year the district allocates money to Hodges based upon the total square footage of each school for which he is responsible. He uses that money to pay his salary, to purchase materials and supplies, and to hire employees to assist him in cleaning and maintaining each school. He determines the rate of compensation to be paid, the work hours and the benefits to be extended to his assistants.[2] Additionally, Hodges supervises and controls the work performance of the custodial assistants. The district exercises no control over the assistants. After a hearing, the Unemployment Insurance Appeal Board determined that the assistants were employees of the district pursuant to Labor Law § 560 (2).

Hodges contends that he, not the district, is the employer of the assistants under the common law. We agree. At common law, the crucial element in establishing the employer-employee relationship was the right of one person to control another in the performance of the work to be done *(see, Germakian v Kenny Intl. Corp.,* 151 AD2d 342, 343, *lv denied* 74 NY2d 615). It is clear from the record that Hodges controls and supervises the performance of the work to be

---

1. Hodges is the president of Local 409 I.U.O.E. which represents all custodians within the district. The custodians work pursuant to a collective bargaining agreement negotiated on their behalf by said union with the Board of Education of the City of Buffalo. Hodges is prosecuting this proceeding on behalf of himself and each individual member of his union.

2. The assistants work pursuant to a collective bargaining agreement negotiated on their behalf by Local 71 I.U.O.E. with the Buffalo School Engineers Association.

done by his hired assistants, not the district. Under the common-law rule, therefore, Hodges is the employer of his hired assistants *(see, supra)*.

■ The Board, however, interprets Labor Law § 560 (2) as narrowly derogating the common-law rule to provide that the district may be considered the employer of the assistants for unemployment purposes only. If the Board's interpretation of the statutory provision is rational and reasonable, this court should defer to the Board and uphold its interpretation *(see, Matter of Trump-Equitable Fifth Ave. Co. v Gliedman*, 57 NY2d 588, 597). Labor Law § 560 (2) provides, in part, that "[w]henever any * * * employee of an employer engages any other person in the work which said * * * employee is doing for the employer, such employer shall for all purposes hereof be deemed the employer of such other person * * * provided the employment has been with the knowledge, actual, constructive, or implied, of the employer". The statute is clear on its face and admits of but one meaning. Accordingly, we find that it derogates the common-law rule to provide that the district may be considered the employer of the assistants solely for unemployment purposes so long as the district had knowledge, actual, constructive or implied, of the employment.

The remaining issue is whether it can be said that the district had knowledge of the employment of the assistants by Hodges. In the collective bargaining agreement signed by the district and Hodges, article IX, paragraph A provides, in part, that "[w]henever [Hodges] is required to be absent from his building for any reason, *a member of his custodial staff shall be on duty* to secure the building". (Emphasis added.) In the absence of fraud or other wrongful act on the part of the other contracting party, an individual who signs or accepts a written contract is conclusively presumed to know its contents and to assent to them *(Blake Realty v Gilligan*, 155 AD2d 816, 817). Neither the district nor Hodges contends that their collective bargaining agreement resulted from fraud or any other wrongful act. The district, therefore, is presumed to know the contents of article IX. A reading of that article fairly implies that Hodges has custodial staff in his employ to be on duty to secure his buildings in his absence and we find, therefore, that the Board's determination that the district had

knowledge of the assistants' employment by Hodges is supported by substantial evidence. Accordingly, the Board's decision is affirmed.

MAHONEY, P. J., CASEY, WEISS and MERCURE, JJ., concur.

Ordered that the decision is affirmed, without costs.