In the Matter of the Claim of PETER T. GAGNIER, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.

Third Department, January 9, 1992

## APPEARANCES OF COUNSEL

*Peter T. Gagnier,* appellant *pro se.*

*Robert Abrams, Attorney-General (Steven Koton* of counsel), for respondent.

## OPINION OF THE COURT

MIKOLL, J.

Claimant, a nursing assistant for the Veterans' Administration Medical Center, was injured on his job on February 11, 1985. Although he did not work after this date, claimant was paid full continuation pay for an additional 45-day period and then, effective April 1, 1985, he began to receive Federal Employees Compensation Act (hereinafter FECA) payments, a program similar to State workers' compensation. Claimant was capable of returning to work effective April 1, 1985, subject to the condition that he could not do lifting. Because lifting was a regular part of claimant's duties, he was unable to resume his work in the same capacity. On July 12, 1985, claimant was removed from his employer's payroll but continued to receive FECA payments.

Claimant filed an original claim for unemployment insurance benefits effective April 1, 1985, and he ultimately received 26 weeks of benefits. Claimant also filed a second benefit claim effective April 7, 1986. Upon appeal, the Unemployment Insurance Appeal Board found claimant ineligible because of insufficient earnings in his base period.

Claimant thereafter applied to the Board for reconsideration of its two previous decisions. After granting claimant's application, the Board again rejected his claim, finding that the base period extension authorized by Labor Law § 527 (3) should not be applied to his second benefit claim. The Board ruled that section 527 (3) is intended to "mitigate the hardship of a claimant who is unable to file a valid employment claim due to injury on the job", and does not allow a claimant to extend his base period to use weeks of employment and wages previously used to establish a valid claim. Claimant now appeals this decision.

Because claimant was a former Federal employee, unemployment insurance benefits are payable to him pursuant to

the Unemployment Compensation for Federal Employees Act (see, 5 USC § 8501 et seq.). Benefits are payable in the same amount, on the same terms and subject to the same conditions as benefits which would be payable under New York law if the claimant's "Federal service" and "Federal wages" had been included as employment and wages under New York law.*

Labor Law § 527 (e) provides as follows: "Disability. In the case of a claimant who did not file a valid original claim solely because he did not have sufficient weeks of employment and who received workers' compensation payments or any benefits paid pursuant to the volunteer firefighters' benefit law during the fifty-two week period specified in subdivision one or the one hundred four week period specified in subdivision two, said period shall be extended. The term of the extension shall be equivalent to the number of weeks during which the claimant received such payments, but shall not exceed six months." Claimant contends that (1) a denial of his claim results in differing treatment of Federal claimants from State claimants in violation of 5 USC § 8502 (b) and the Equal Protection Clause of the 14th Amendment of the US Constitution, (2) the Board's interpretation of Labor Law § 527 (3) does violence to its intent and purpose, and (3) the Board has treated similar claims differently than claimant's claim.

An affirmance of the Board's decision is indicated. This court is bound to accept the Board's construction and application of provisions of the Labor Law where the Board's decision is rational and is not arbitrary or capricious (see, Matter of Management Data Communications Corp. [Ross]), 86 AD2d 936, 937, lv denied 56 NY2d 506). The Board's interpretation of Labor Law § 527 (3) is rational. This claimant was no longer disabled and was capable of employment. He chose not to seek employment once he was cleared by his doctor for work. To allow him to use the same weeks to establish a benefit period as he used previously would violate the clear intent of the statute, which is to ameliorate the hardship on a claimant who cannot file an unemployment claim because of disability (see, sponsor's mem, 1984 NY Legis Ann, at 149).

We find no merit in claimant's constitutional argument. The

---

* The Solicitor for the United States Secretary of Labor issued an opinion in 1965 ruling that the weeks during which an individual is in authorized nonpay status but is receiving FECA payments for an on-the-job injury must be included in the individual's period of "Federal service" but cannot be considered "Federal wages" under the Unemployment Compensation for Federal Employees Act.

Board's interpretative ruling is equally applicable to State workers' compensation claims as to that of Federal employees such as claimant. Claimant has also failed to establish differences in the treatment of claimants seeking the benefits of Labor Law § 527 (3) from that accorded to him.

WEISS, J. P., YESAWICH JR., LEVINE and MERCURE, JJ., concur.

Ordered that the decision is affirmed, without costs.