■ In the Matter of the Claim of MARIO CHEN, Appellant.

John F. Hudacs, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 1, 1991, which, upon reconsideration, *inter alia,* ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a service representative for a company which provided television services for hospital patients for a fee. On June 24, 1992, claimant provided complimentary television services to a patient. He did so even though he was aware of his employer's rule that any free services required specific authorization by a supervisor. When contacted by his supervisor, claimant admitted to providing this free service but testified that he thought the patient was entitled to it because he was an employee of the hospital. Testimony by both the supervisor and manager of television services revealed that there was no such policy and no one in authority ever gave claimant such information. The fact that claimant gave conflicting testimony in this regard merely presented a question of credibility which was within the sole province of the Unemployment Insurance Appeal Board to resolve *(see, Matter of Nunes [Roberts],* 98 AD2d 934; *Matter of Brewer [Levine],* 53 AD2d 751). The record also reveals that claimant had been reprimanded on two previous occasions for providing complimentary television services to patients. Under the circumstances, the conclusion that claimant's employment ended under disqualifying conditions and that his actions constituted misconduct is supported by substantial evidence *(see, Matter of Fisher [Roberts],* 138 AD2d 912; *Matter of Green [Levine],* 53 AD2d 782; *Matter of Risdell [Levine],* 52 AD2d 1025).

Yesawich Jr., J. P., Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.