■ In the Matter of the Claim of ROBERT SAVINO, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [598 NYS2d 579] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 20, 1991, which, upon reconsideration, adhered to its prior decision ruling, inter alia, that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

The Unemployment Insurance Appeal Board reopened its prior decision in claimant's case for the sole purpose of deciding whether there had been compliance with the procedural safeguards set forth in Municipal Labor Comm. v Sitkin (1983 WL 44294 [SD NY, Aug. 1, 1983, Carter, J. (79 Civ 5899)]). After the Board concluded that there were no substantial procedural violations, it adhered to its prior determination disqualifying claimant from receiving unemployment insurance benefits. On this appeal, claimant contends that there was a substantial violation of one of the requirements set forth in Sitkin. Specifically, he points to the provision stating that a claimant must first be afforded the opportunity for an adjournment before the Board or the Administrative Law Judge (hereinafter ALJ) renders a decision on a legal issue "presented for the first time at the hearing". We agree and, accordingly, reverse the Board's decision.

Claimant's request for benefits was initially denied on the ground that he was discharged for misconduct. Although the notice of hearing and the ALJ's opening statement advised

claimant that the purpose of the hearing was to determine whether claimant lost his employment through misconduct, the ALJ upheld the denial of benefits on the basis that claimant had voluntarily left his employment without good cause. Claimant was never notified that this issue would be considered as a basis for denying his claim for benefits. Thus, under the circumstances of this case, we are of the view that claimant was not given adequate notice to present a defense to this issue (see generally, Matter of Pepitone [Ross], 78 AD2d 563; Matter of Lynch [Ross], 67 AD2d 1046; cf., Matter of Phillips [Hartnett], 161 AD2d 1067). We reject the assertion of the Commissioner of Labor that it became clear at the hearing that the ALJ was also considering the issue of whether claimant had voluntarily left without good cause (cf., Matter of Utley [Levine], 51 AD2d 823); thus, even if claimant should have requested an adjournment, his failure to do so is not determinative. In addition, we do not consider the ALJ's question to claimant as to whether he had anything further to present the equivalent of an offer for an adjournment.

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.