(September 30, 1993)

■ In the Matter of the Claim of WILLIAM R. YOUNG, Appellant. ROME CABLE CORPORATION, Respondent. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 238] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 6, 1991, which, *inter alia,* ruled that claimant was disqualified from receiving a trade readjustment allowance under the Trade Act of 1974 because his separation from employment was not because of lack of work.

The Federal Department of Labor certified the employer's workers as eligible to apply for trade readjustment allowance (hereinafter TRA) benefits if they became totally or partially separated from their employment. This certification was pursuant to the Trade Act of 1974 *(see,* 19 USC § 2101 *et seq.)* and was based on the Department of Labor's determination that competing exports were adversely affecting the employer's production. Subsequent to this certification, the employer offered its union workers, which included claimant, a new contract. Because the contract would have reduced wages and benefits, claimant's union rejected the offer and the workers went on strike. Although claimant was ruled eligible for unemployment insurance benefits, he was found ineligible for TRA benefits. This finding was based on a determination that

his separation from employment was for reasons other than lack of work. The Unemployment Insurance Appeal Board ultimately upheld the determination, prompting this appeal by claimant.

In affirming the Board's decision, we initially note that we are constrained to uphold its interpretation of a statutory provision or regulation if it is rational and reasonable (see, Matter of Hodges [Hartnett], 171 AD2d 206, lv denied 79 NY2d 753; Matter of Brandon [Peters—Hartnett], 161 AD2d 992). Here, to be considered totally or partially separated from employment, the worker must no longer be working due to "lack of work" (19 USC § 2319 [2]). In interpreting the "lack of work" requirement, the Board expressly followed the Department of Labor's Unemployment Insurance Program Letter No. 17-87 which sets forth guidelines for State administrative agencies regarding the effects of strikes on TRA eligibility. The Program Letter specifically states that "a separation due to a strike * * * does not meet the lack of work separation criterion".

It is not disputed that claimant was not working because he was on strike and that the strike was not initiated by the employer. It is true that the Program Letter provides that a striking employee "remains in employment status and is not separated from employment until actual separating action is taken by the employer". Nevertheless, claimant's allegation that replacement workers were hired during the strike does not constitute employer-initiated separation. As the Program Letter states, there is no separation due to lack of work until the employee "returns to work after the labor dispute has ended and is told by the employer that there is no longer any work". In making its decision the Board properly relied on the Program Letter insofar as it was acting as the Federal government's agent in processing claims made under the Trade Act of 1974 (see, 19 USC § 2311 [a], [d]; cf., Matter of Abbott [Roberts], 136 AD2d 868) and, on the record before us, we find that the Board's interpretation had a rational basis (see, Matter of Gagnier [Hartnett], 174 AD2d 3, lv denied 79 NY2d 758). Claimant's remaining contentions have been considered and rejected for lack of merit.

Yesawich Jr., J. P., Crew III, White, Mahoney and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.