■ In the Matter of the Claim of ANGEL C. PEREZ, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [602 NYS2d 436] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 13, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as an armed courier guard until he was discharged for refusing to accept a work assignment. According to the employer's vice-president, if the employer received additional assignments during the day employees were required, if requested, to stay and complete the extra work. Although claimant contended that he refused because he had to pick up his daughter, he admitted that he "did not say why specifically" he refused the assignment. In addition, the vice-president stated that claimant gave no reason for the refusal.

The Unemployment Insurance Appeal Board found, and there is substantial evidence to support its finding, that claimant was aware that it was his responsibility to perform such assignments, that he should have given a reason for his refusal and that his failure to do so constituted misconduct *(see, Matter of Perloff [Ross],* 59 AD2d 994; *Matter of Azzu [Levine],* 52 AD2d 661). To the extent that claimant's version of the circumstances surrounding his discharge differs from the employer's version, questions of fact and credibility were raised for the Board to resolve *(see, Matter of De Cherro [Ross],* 83 AD2d 709, *lv denied* 55 NY2d 603).

Furthermore, as the Board pointed out, claimant had admittedly just been rehired after having informed the employer that he was leaving for Florida and did not know whether he would return. When he did return several days later the employer rehired claimant on probation. The vice-president stated that it was not the first time that claimant had "disappeared" for a few days. Thus, claimant's refusal could be considered the last act in a series of related events concerning the conduct leading to his discharge *(see, Matter of Herwig [Ross],* 68 AD2d 997, *lv denied* 48 NY2d 606). Claimant's remaining arguments have been considered and found unpersuasive.

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and White, JJ., concur. Ordered that the decision is affirmed, without costs.