■ In the Matter of the Claim of STEPHAN WILLETT, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [666 NYS2d 292] —Crew III, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 5,

1997, which ruled that claimant was not entitled to receive a trade readjustment allowance under the Trade Act of 1974.

In November 1993 claimant, formerly employed as an engineer for a defense contractor, applied for a trade readjustment allowance (hereinafter TRA) under the Trade Act of 1974 (19 USC § 2101 *et seq.*). Claimant's application was granted and, in February 1994, claimant began a program of legal study at City University of New York Law School at Queens College (hereinafter CUNY). Shortly thereafter, however, in June 1994, claimant was suspended from school for a period of one year based upon his violation of certain provisions of the Education Law and CUNY's bylaws.

Upon learning of claimant's suspension, a representative of the Department of Labor terminated claimant's TRA benefits based upon claimant's "voluntary termination" of his studies. At the conclusion of his one-year suspension, claimant reregistered for classes and reapplied for TRA benefits, but his application for benefits was denied upon the ground that he was entitled to participate in only one training program and had ceased participation in that program without justifiable cause. That determination ultimately was upheld by the Unemployment Insurance Appeal Board, and this appeal by claimant ensued.

We affirm. In accordance with the applicable regulations: "An individual who, without justifiable cause * * * ceases to participate in [a training program which is approved under 20 CFR 617.22 (a)] * * * shall not be eligible for basic TRA, or any other payment under this part 617, for the week in which such * * * cessation * * * occurred, or any succeeding week thereafter until the week in which the individual * * * resumes participation in a training program that is approved under § 617.22 (a)" (20 CFR 617.18 [b] [2] [i]). As used in the cited regulation, "justifiable cause" is defined as: "such reasons as would justify an individual's conduct when measured by conduct expected of a reasonable individual in like circumstances, including but not limited to reasons beyond the individual's control and reasons related to the individual's capability to participate in or complete an approved training program" (20 CFR 617.18 [b] [2] [ii] [C]). Finally, a worker is deemed to have "ceased participation" in an approved training program when he or she "fails to attend all scheduled training classes and other training activities scheduled by the training institution in any week of the training program, without justifiable cause" (20 CFR 617.18 [b] [2] [ii] [B]).

Here, the record makes clear that upon accepting TRA benefits, claimant expressly agreed to abide by the rules and regulations of the training facility and, further, that the disciplinary sanction subsequently imposed by CUNY, which formed the basis for the termination of claimant's TRA benefits, was the direct result of claimant's violation of, *inter alia*, certain of CUNY's bylaws. Under these circumstances, we cannot say that the Board was irrational or unreasonable in concluding that claimant ceased participation in an approved training program without justifiable cause (*see generally, Matter of Goldman [Sweeney]*, 233 AD2d 664; *Matter of Young [Rome Cable Corp.—Hudacs]*, 196 AD2d 937, 938). Claimant's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.