■ In the Matter of the Claim of PABLO L. RUIZ, Appellant. COMMISSIONER OF LABOR, Respondent. [748 NYS2d 711] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 25, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant, a delivery driver for a ham and egg company, took a day off to celebrate his birthday. Upon returning to work, the employer gave claimant the option of either signing a warning letter regarding his absence or leaving. Claimant, who could not read English, testified that the letter was not translated for him into Spanish and, in any event, he did not agree with the measures being taken by the employer. Claimant refused to sign the letter and left.

By initial determination claimant was disqualified from

receiving unemployment insurance benefits on the basis that he was discharged due to misconduct. After a hearing at which the employer failed to appear, the Administrative Law Judge modified the initial determination and found that claimant was not discharged due to misconduct but, rather, voluntarily left his employment without good cause thereby disqualifying him from receiving unemployment insurance benefits. The Unemployment Insurance Appeal Board sustained the Administrative Law Judge's determination and this appeal ensued.

There must be a reversal. Claimant's testimony was the only evidence offered at the hearing. Significantly, neither the warning letter nor any other evidence or testimony on behalf of the employer was introduced at the hearing. Under these circumstances, the Board's decision that claimant voluntarily left his employment is without evidentiary support (*see Matter of Singleton [Ross]*, 82 AD2d 952, 953; *cf. Matter of Fisher [Roberts]*, 138 AD2d 912).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.