## (September 23, 1971)

■   In the Matter of the Claim of Susan L. Schneider, Appellant. Louis L. Levine, as Industrial Commissioner, Respondent.— Decision affirmed, without costs. No opinion. Herlihy, P. J., Reynolds and Simons, JJ., concur; Greenblott and Cooke, JJ., dissent, and vote to reverse and remit to the board, in the following memorandum by Greenblott, J.: We respectfully dissent. Claimant, who worked as a bookkeeper for about four years, contends she was fired and did not quit. While the board did not actually decide this issue, it found that after a "bitter" discussion between claimant and the officer of the employer corporation, claimant's employment was terminated and she was asked to remain to train a replacement. This claimant refused to do. The board denied benefits, holding that "Since claimant could have worked for an additional time, her leaving of employment was actually in anticipation of the actual termination date". The Unemployment Insurance Law was designed to ease the hardship of involuntary employment (Labor Law, § 501; Matter of Shanley [Catherwood], 27 A D 2d 496, 499). Refusing to remain at the job for a period of time after discharge to train a replacement is, in our view, to paraphrase the language of Justice Gibson in Shanley (supra, p. 498), a substantial reason to refuse temporary employment. The case should be remanded to the board for a further finding as to whether claimant voluntarily left her employment or was discharged. In Matter of MacDevitt (Catherwood) (29 A D 2d. 588) a determination of the board that a "'possibility of a future discharge'" was not a compelling reason for leaving employment was upheld. Here, there was a termination of employment. Similarly, Matter of Gilmore (Catherwood) (25 A D 2d 462) is also not in point since the claimant there left his employment because he believed he would be laid off in the future. Matter of Shanley (Catherwood) (supra) is clearly inapposite because there, claimant, upon returning from maternity leave and finding her position filled, refused an offer of temporary employment with another employer. Our case is not an original temporary employment case but a continuation of the same employment under adverse circumstances. Likewise, in Matter of Hernandez (Catherwood) (33 A D 2d 972, affd. 27 N Y 2d 811, cert. den. 401 U. S. 986) claimant refused original temporary work. These cases are not controlling in the instant situation and we should not feel compelled to affirm the denial of benefits. We, therefore, vote to remand the case to the board.