■ In the Matter of the Claim of CAROL A. FROST, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 14, 1975, which adopted and affirmed a decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits because she voluntarily left her employment without good cause and charging her with an overpayment of $892.25. It is undisputed that the claimant's employment was to terminate on October 24, 1974. Before such termination, however, the employer requested claimant to work an additional two weeks, but claimant refused. The claimant did not advise the local unemployment office of the additional offer of employment and received benefits until it was learned that such an offer had been made. The claimant contends that since the termination date had been set, she was under no obligation to work an additional two weeks. While this contention is acceptable insofar as the obligation of a master-servant relationship is concerned, unemployment benefits are intended only for those who are unemployed through no fault of their own with the possible exception of people involved in a labor controversy (strike). It cannot be denied that the claimant refused work for which she was qualified and the question of good cause is for the board. The fact that her discharge was reasonably certain at the end of the additional two weeks does not convert it into a termination of employment by the employer. (Cf. *Matter of Berkowitz [Levine],* 41 AD2d 791; *Matter of Schneider [Levine],* 37 AD2d 788.) Assuming that the original termination date of October 24, 1974 was set by the employer, the record establishes that she was not in fact then discharged, or at least the board could so find on substantial evidence. Decision affirmed, without costs. Sweeney, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.