■ In the Matter of the Claim of DAVID M. HUNT, Respondent. GENERAL ELECTRIC COMPANY, Appellant. PHILIP ROSS, as Industrial Commissioner, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 14, 1980, which affirmed an Administrative Law Judge's decision sustaining the initial determination of the Industrial Commissioner ruling claimant eligible to receive benefits effective December 24, 1979 without any disqualifying conditions, and overruling the employer's objections thereto. Claimant was employed by General Electric (GE) as a packer checker for over 13 years, from June, 1966 through November, 1979. He had an excellent work record. In March of 1978, he was arrested on the charge of body stealing (Public Health Law, § 4216) but continued working for GE for one and one-half years after that. When claimant was convicted in October, 1979, he promptly notified his employer and was suspended from his job. He served a term of 35 days in jail beginning November 16, 1979. He was terminated by GE on November 30, 1979, after two weeks in jail, for "his absence from work for two weeks without an explanation satisfactory to the company." GE argues that the board erred as a matter of law in finding that the doctrine of provoked discharge is not applicable to this case. We disagree. The determination of the board should be affirmed. The Court of Appeals narrowly limited the provoked discharge rule following a long period of "unauthorized expansion of the doctrine" *(Matter of James [Levine],* 34 NY2d 491, 495). In *Matter of De Grego (Levine)* (39 NY2d 180, 183), the court stated that the doctrine is "a narrowly drawn legal fiction designed to apply where an employee voluntarily engages

in conduct which transgresses a legitimate known obligation *and leaves the employer no choice but to discharge him"* (emphasis added). In the instant case, the employer can point to no provision of the collective bargaining agreement which forced it to discharge the claimant. Where the bargaining agreement leaves it to the employer's discretion to terminate his employment, that provision cannot serve as the basis for a provoked discharge finding *(Matter of Cruz [Ross],* 70 AD2d 976). Here it cannot be said the claimant's conduct, which was found to be unrelated to his job and his work place, although it may be characterized as bizarre, made it impossible, not merely impractical or inconvenient, for the employer to continue the employment relationship. Every discharge for cause does not mean that the cause constitutes misconduct *(Matter of Hulse [Levine],* 41 NY2d 813, 814; *Matter of De Grego [Levine], supra).* The decision of the board is supported by substantial evidence. Decision affirmed, without costs. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.