■ In the Matter of the Claim of LYLE W. HARGROVE, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent. [597 NYS2d 195] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 21, 1992, which, *inter alia,* ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant's employment contract was scheduled to end on October 31, 1990. The employer's representative testified that in the first week of that month she offered claimant a six-month extension and that he initially accepted the offer. He

later changed his mind, however, and told her that he decided not to continue working another six months. Claimant had already made arrangements to leave his apartment and move to Florida. These facts provide substantial evidence to support the conclusion by the Unemployment Insurance Appeal Board that claimant left his employment when continuing work was available to him and that he did so for personal and noncompelling reasons *(see, Matter of Frost [Levine],* 52 AD2d 998; *Matter of Ludwig [Levine],* 52 AD2d 709). Claimant's contrary version of the events leading up to his departure merely raised questions of credibility for the Board to resolve *(see, Matter of Baker [Hartnett],* 147 AD2d 790, *appeal dismissed* 74 NY2d 714).

We also reject claimant's contention that the Board erred in deciding to reopen and reconsider the decision of the Administrative Law Judge. The Board has continuing jurisdiction to reopen a case upon its own motion or by application even in the absence of an appeal (Labor Law § 620 [3]; *see, Matter of Smalt [Ross],* 82 AD2d 958). It cannot be said that the Board abused its discretion in this case *(see, Matter of Foundation for Open Eye [Ross],* 86 AD2d 931).

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.