■ In the Matter of the Claim of CESARE J. PASSARELLI, Respondent. YONKERS ROSCOE COMPANY, Appellant; JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [640 NYS2d 668] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 18, 1994, which ruled that claimant was eligible to receive unemployment insurance benefits.

After a dispute with his employer about a painting assignment, claimant was terminated from his position as a building superintendent. An arbitrator subsequently ruled that the employer had just cause to discharge claimant. Based upon the findings of fact in the arbitrator's decision, the Board found that claimant had not been terminated for misconduct and, therefore, found him eligible to receive unemployment insurance benefits. The employer challenges the Board's decision, arguing that the Board erroneously interpreted the arbitrator's decision in concluding that claimant was discharged for poor work performance instead of misconduct.

Initially, we note that the arbitrator's findings of fact must be accorded collateral estoppel effect (*see, Matter of Douglas [Hartnett]*, 143 AD2d 458). In the case at bar, the arbitrator found just cause for claimant's dismissal based upon his prior refusal to perform assigned painting jobs and his prior failure to perform his painting duties in an acceptable manner. It is well settled that "[e]very discharge for cause does not mean that the cause constitutes misconduct" (*Matter of Hunt [General Elec. Co.—Ross]*, 84 AD2d 622, 623). Misconduct has been defined as a "willful and wanton disregard of the employer's interest" (*Matter of Wrzesinski [Roberts]*, 133 AD2d 884, 885). Under the circumstances presented, we find that the Board's conclusion that claimant's actions did not rise to the level of misconduct required to disqualify him from receiving unemployment insurance benefits to be supported by substantial evidence (*see, Matter of Chaudry [General Elec. Co.—Hartnett]*, 171 AD2d 912). Accordingly, we decline to disturb the Board's decision.

Cardona, P. J., Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.