■ In the Matter of the Claim of LAWRENCE S. BELL, Appellant. COMMISSIONER OF LABOR, Respondent. [683 NYS2d 654] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 22, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant, a salesperson at a furniture store, became agitated in front of co-workers after his supervisor turned off a televised football game that claimant had been watching during working hours. Claimant was later asked to take a week off without pay as a disciplinary measure. Claimant protested this penalty and the store's owner testified that claimant told him later that evening that he was resigning. Although claimant thereafter changed his mind, the employer refused to reinstate him. We find that substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left his employment without good cause. Quitting in response to a disciplinary measure does not generally constitute good cause to leave one's employment (*see, Matter of Arroyo [Sweeney]*, 247 AD2d 745; *Matter of Toth [Sweeney]*, 244 AD2d 752). Significantly, the record demonstrates that continuing work was available to claimant had he not resigned (*see, Matter of Hargrove [Hudacs]*, 192 AD2d 948).

Contrary to claimant's argument, the credibility issues presented by the conflicting testimony were within the province of the Board to resolve against him (*see*, *Matter of Nicotra [Bry-Lin Hosps.—Commissioner of Labor]*, 249 AD2d 863).

Mikoll, J. P., Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.