■ In the Matter of the Claim of RICHARD A. WASZKIEWICZ, Appellant. SULZER MECO, INC., Respondent; COMMISSIONER OF LABOR, Respondent. [684 NYS2d 52] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 17, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a senior mechanical engineer for

approximately 28 years through March 10, 1997. The record indicates that the company had been taken over in 1994 and that the new management instituted a policy in October 1995 whereby all employees were required to sign a "Conflict of Interest and Confidentiality Agreement". Following lengthy discussions concerning the agreement, all employees signed the agreement except claimant. Claimant was advised that if he did not sign, he would lose his job. Claimant took the agreement to an attorney and was advised not to sign the agreement as written. When claimant thereafter refused to sign the agreement, he was discharged. The Unemployment Insurance Appeal Board ruled that claimant's refusal constituted disqualifying misconduct.

We reverse. It is well settled that "[e]very discharge for cause does not mean that the cause constitutes misconduct" (*Matter of Hunt [General Elec. Co.—Ross]*, 84 AD2d 622, 623). Significantly, misconduct has been defined as a "willful and wanton disregard of the employer's interest" (*Matter of Wrzesinski [Roberts]*, 133 AD2d 884, 885). The employer's witness testified that there was no difficulty with claimant's job performance aside from his refusal to sign the agreement and the employer had no reason to doubt his loyalty to the company. Upon our review of the record, we fail to find substantial evidence supporting the Board's finding that claimant's refusal to sign the subject agreement constituted a breach of his "obligation to deal fairly with an employer".

Cardona, P. J., Mercure, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.