■ In the Matter of the Claim of MARCIA R. SPAULDING, Appellant. COMMISSIONER OF LABOR, Respondent. [694 NYS2d 813]

—Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed March 27, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause, and (2) from a decision of said Board, filed May 20, 1999, which, *inter alia*, upon reconsideration, adhered to its prior decision.

Claimant worked as a teacher's aide for the employer for approximately 10 years. Upon being informed that a counseling memorandum would be placed in her personnel file regarding a disagreement with a student, claimant became upset, left the premises and failed to return to work. Claimant thereafter submitted a letter stating that she would be leaving her employment due to sickness caused by job stress. The employer treated this letter as a resignation, notwithstanding claimant's subsequent letter stating that it was not her intention to resign. Under these circumstances, substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant voluntarily left her employment without good cause. Quitting in response to disciplinary measures or criticism by one's employer has been held not to constitute good cause for leaving one's employment (*see, Matter of Bell [Commissioner of Labor]*, 257 AD2d 836; *Matter of Loria [Commissioner of Labor]*, 254 AD2d 676). Although claimant suffered from hypertension and anxiety, she was not advised by a physician to quit her job (*see, Matter of Ikoli [Commissioner of Labor]*, 249 AD2d 673). Furthermore, we reject claimant's assertion that she was denied due process during the course of the hearing.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decisions are affirmed, without costs.