■ In the Matter of the Claim of MICHAEL V. RUSSO, Appellant. COMMISSIONER OF LABOR, Respondent. [730 NYS2d 374] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 12, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a handyman at a residential community after he failed to notify his employer of his absence. Claimant contends that the decision of the Unemployment Insurance Appeal Board that he was discharged due to disqualifying misconduct is not supported by substantial evidence. We agree. Although an unexcused absence may justify an employee's discharge, under certain circumstances it may not rise to the level of disqualifying misconduct for the purpose of unemployment insurance benefits (*see, Matter of Waszkiewicz [Sulzer Meco, Inc.— Commissioner of Labor]*, 257 AD2d 882, 883). Here, claimant was discharged for a single unexcused absence. The record, including a letter from the employer's office manager, establishes that claimant did not always report his absences and there were no warnings given to claimant concerning such absences. Furthermore, no evidence was introduced to refute claimant's assertion that no rule or policy existed requiring notification in advance of an absence. Inasmuch as claimant's discharge was based upon this one isolated instance of an unexcused absence and given the unrefuted evidence in the record, we conclude that there is insufficient evidence to support the decision that claimant's actions amounted to disqualifying misconduct (*see, Matter of Ramsey [Ross]*, 63 AD2d 1061). The Board's decision is, accordingly, reversed.

Cardona, P. J., Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.