In the Matter of the Claim of JOHN O. LAMBERT, Appellant. COMMISSIONER OF LABOR, Respondent. [823 NYS2d 616]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 23, 2005, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as a custodian for a school district for 10 years. He was terminated from his position after he refused to sign a weekly inspection report and threw the report at his supervisor. The Unemployment Insurance Appeal Board found, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct. Claimant appeals.

We affirm. "It is well settled that failure to comply with a reasonable request of an employer can constitute disqualifying misconduct" (*Matter of Mercure [Commissioner of Labor]*, 27 AD3d 857, 857 [2006] [citations omitted]). Here, claimant refused to sign the report because he was concerned that his supervisor might write in comments, although he admitted that his signature was to acknowledge receipt of the report, not his agreement with its contents. In our view, this was not sufficient reason for claimant's failure to accede to the employer's reasonable request (*see Matter of Guagliardo [Commissioner of Labor]*, 27 AD3d 866, 867 [2006]). Moreover, while claimant denied throwing the report at his supervisor, his assertion presented a credibility issue to be resolved by the Board in light of the contrary testimony (*see Matter of Kretchmer [Commissioner of Labor]*, 8 AD3d 849, 850 [2004]). Inasmuch as there is substantial evidence indicating that claimant was discharged for insubordination, we find no reason to disturb the Board's decision. We have considered claimant's remaining contentions and find them to be unavailing.

Mercure, J.P., Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.