Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 28, 2011, which, upon reconsideration, ruled that claimant was eligible to receive unemployment insurance benefits.
Claimant worked as a medical biller for a company that makes orthotics and prosthetics. She was chronically absent from work due to issues related to her pending divorce, childcare problems and personal illness. On June 29, 2009, she received an unfavorable performance review largely as a result of her excessive absenteeism and was placed on probation for six months. In an effort to accommodate claimant, the employer reduced her hours and modified her job duties. Claimant, however, was absent from work on July 1, 2 and 13, 2009, at which point her employment was terminated. The Department of Labor initially disqualified her from receiving unemployment insurance benefits on the ground that she was discharged for misconduct. Following a hearing, however, an Administrative Law Judge determined that claimant’s absences following her performance review were for good cause and did not amount to disqualifying misconduct. Accordingly, the Administrative Law Judge ruled that claimant was eligible to receive benefits. The Unemployment Insurance Appeal Board initially reversed this decision but, upon reconsideration, affirmed it. This appeal by the employer ensued.
Not every discharge for cause rises to the level of misconduct disqualifying a claimant from receiving unemployment insurance benefits (see Matter of Dunham [Commissioner of Labor], 68 AD3d 1328, 1329 [2009]; Matter of Passarelli [Yonkers Roscoe Co.—Sweeney], 226 AD2d 862 [1996]). While an employee’s continued absenteeism, despite warnings, may be detrimental to an employer’s interests or contrary to a reasonable work rule, termination of employment attributable to symptoms of a diagnosed medical condition will not constitute disqualifying misconduct (see Matter of Buyukcekmece [Abigail Kirsch at Tappan—Commissioner of Labor], 82 AD3d 1400, 1400 [2011]). The Board’s resolution of this factual issue will be upheld if supported by substantial evidence (see id.).
Here, claimant’s excessive absences provided the employer with a legitimate reason for terminating her employment. Under the circumstances presented, however, the Board could reason *1313 ably conclude that claimant’s behavior did not rise to the level of disqualifying misconduct. Claimant testified that she suffered from panic attacks causing her absences on July 1, 2 and 13, 2009 and provided the employer with a doctor’s note confirming this diagnosis (compare Matter of Anumah [Commissioner of Labor], 60 AD3d 1216, 1217 [2009], lv denied 13 NY3d 706 [2009]). Moreover, claimant testified that she always called in to inform the employer of her absences in accordance with the employer’s policy. In view of the foregoing, substantial evidence supports the Board’s finding that claimant did not engage in disqualifying misconduct, and we decline to disturb its decision.
Peters, P.J., Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.