*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 18, 2014          518642
_____

In the Matter of the Claim of
    ASHLEY JACKSON,
                    Appellant.
                                         MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:   August 4, 2014

Before:   Peters, P.J., Lahtinen, Stein, McCarthy and Garry, JJ.

_____

        Sussman & Watkins, Goshen (Michael Sussman of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 6, 2013, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

        Claimant was employed as a probationary math teacher for three years.  The employer chose not to grant claimant tenure, but did offer to extend her probationary term for one year if she executed an agreement requiring her to "waive[] any rights, claims or causes of action" related to tenure or the extension of her probationary period.  Claimant was concerned that those provisions would cause her to waive her rights to argue that the denial of tenure and proffered extension were retaliation for her pursuing a sexual harassment claim.  Despite being aware that she could lose her job if she did not sign the agreement, she refused to do so.  The employer then informed her that, in accordance

with Education Law § 2573 (1), it was not certifying completion of her probationary period, so her employment was terminated. The Unemployment Insurance Appeal Board ruled that claimant's refusal to sign the "agreement constituted insubordination that rose to the level of misconduct" so as to disqualify her from receiving benefits.

We disagree. Refusing to comply with an employer's reasonable directive to sign a document can constitute insubordination and, thus, disqualifying misconduct (see Matter of Lambert [Commissioner of Labor], 34 AD3d 948, 948 [2006]; Matter of Guagliardo [Commissioner of Labor], 27 AD3d 866, 867 [2006]; see also Matter of Vacchio [Astoria Rubbish Removal Co.—Commissioner of Labor], 104 AD3d 989, 989 [2013], lv denied 21 NY3d 859 [2013]). This is not a situation, however, in which claimant was asked, and refused, to sign a document that was necessary to the operation of the employer's business (compare Matter of Lambert [Commissioner of Labor], 34 AD3d at 948). Under the Education Law, where a teacher has been on probationary status for three years, the employer must either grant the teacher tenure, terminate the employment or agree to an extension of the probationary term (see Education Law § 2573 [1]; Matter of Juul v Board of Educ. of Hempstead School Dist. No. 1, Hempstead, 76 AD2d 837, 838 [1980], affd 55 NY2d 648 [1981]; see also Education Law §§ 2509 [1]; 3012 [1]; 3014 [1]). Here, the employer chose not to grant claimant tenure and, instead, offered her an extension of probation. As opposed to refusing to perform a job duty, claimant merely declined to enter into a new contract with the employer on its proffered terms (see Matter of Borlang [B & M Sports—Commissioner of Labor], 254 AD2d 632, 632 [1998]). Although claimant's refusal to sign the extension agreement could possibly be classified as her voluntarily leaving employment without good cause while the employer was offering continuing work, which would be a basis for denying unemployment insurance benefits (see Matter of Rubscha [Commissioner of Labor], 105 AD3d 1217, 1218 [2013]; Matter of Borlang [B & M Sports—Commissioner of Labor], 254 AD2d at 632; Matter of Hargrove [Hudacs], 192 AD2d 948, 948-949 [1993]), the employer did not assert that claimant quit. The employer's principal testified that claimant was terminated by the employer. The Board also did not rely on the ground of voluntarily leaving employment, but on misconduct as

evidenced through insubordination, when denying benefits.  The Board was factually incorrect because, under the circumstances and as reflected in the employer's termination letter, the employer terminated claimant's employment based on the operation of law (see Education Law § 2573 [1], [5]), not based on insubordination.  Refusing to renew a contract does not constitute insubordination or misconduct in employment (compare Matter of Borlang [B & M Sports—Commissioner of Labor], 254 AD2d at 632; Matter of Hargrove [Hudacs], 192 AD2d at 948).

Even if the employer would have been warranted in firing claimant for not signing the extension agreement, her refusal to sign would not constitute disqualifying misconduct if she had a legitimate reason to refuse (see Matter of Waszkiewicz [Sulzer Meco, Inc.—Commissioner of Labor], 257 AD2d 882, 883 [1999]). Where an employer fired an employee who refused to sign a conflict of interest and confidentiality agreement, after the employee was advised by an attorney not to sign the agreement as written, this Court found that the employee had not committed disqualifying misconduct (see id.).  Here, the Board tried to distinguish that case because the record does not reflect whether claimant consulted with anyone before refusing to sign or tried to negotiate the terms of the agreement.  Although claimant may not have consulted with an attorney prior to that time, her current attorney — who apparently also represents her in a federal action against the employer related to sexual harassment and retaliation — supports her contention that the agreement would have waived important rights.  This implies that he would have advised her not to sign it had she consulted him earlier. Despite not having received this advice from an attorney prior to her refusal, claimant had a legitimate reason not to sign (compare Matter of Vacchio [Astoria Rubbish Removal Co.—Commissioner of Labor], 104 AD3d at 989; see also Matter of Singleton [Ross], 82 AD2d 952, 953 [1981]).  While the Board attempts to distinguish the prior case by stating that perhaps claimant here could have negotiated the terms of the agreement, that case notes that an attorney had advised the claimant "not to sign the agreement as written," and does not mention negotiation (Matter of Waszkiewicz [Sulzer Meco, Inc.—Commissioner of Labor], 257 AD2d at 883).  Because claimant did not engage in any act of insubordination and, therefore, did not commit disqualifying

misconduct, the Board's decision cannot stand.

Peters, P.J., Lahtinen, Stein, McCarthy and Garry, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court