Matter of Baxter (Commissioner of Labor) (2018 NY Slip Op 04816)





Matter of Baxter (Commissioner of Labor)


2018 NY Slip Op 04816


Decided on June 28, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 28, 2018


[*1]In the Matter of the Claim of NIEAMA BAXTER, COMMISSIONER OF LABOR, Respondent. 

Calendar Date: May 8, 2018

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.

 

Brown Rudnick LLP, New York City (Daniel L. Day of counsel), for appellant.



MEMORANDUM AND ORDER COMMISSIONER OF
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 2, 2017, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant worked as a case manager for a social services organization for approximately 17 months. In August 2015, following a dispute regarding the adequacy of claimant's work product, claimant resigned from her position, claiming that she had been "subject to verbal abuse, threatening messages and other harassment" during the course of her employment and that she could no longer endure the stress that resulted from this treatment. Thereafter, claimant applied for unemployment insurance benefits, and the Department of Labor issued an initial determination finding claimant eligible to receive benefits. Following a hearing, this determination was upheld by an Administrative Law Judge, but later reversed by the Unemployment Insurance Appeal Board, which determined that claimant was disqualified from receiving unemployment insurance benefits because she had voluntarily separated from her employment without good cause. Claimant applied for reopening and reconsideration, but the Board denied her application. Claimant appeals.
We affirm. "Whether a claimant has voluntarily left employment for good cause is a factual determination to be made by the Board, and its decision will not be disturbed if supported by substantial evidence" (Matter of Sheldon [Commissioner of Labor], 153 AD3d 1480, 1480 [2017] [internal quotation marks and citation omitted]; see Labor Law § 593 [1] [a]). The record reflects that, notwithstanding claimant's allegations of verbal abuse, claimant's supervisor, on at least two occasions, issued a corrective action to claimant regarding incomplete work. Claimant, in turn, spoke to an assistant human resources manager on at least one occasion about the allegedly unprofessional manner in which her supervisor addressed her. In response to her expressed concerns, claimant was repeatedly advised by human resources about how to file a formal internal complaint concerning her supervisor's alleged treatment of her; however, claimant acknowledged that she never filed a complaint, did not call the employee hotline that was also available to her to lodge a complaint, and failed to request an internal transfer. Moreover, the differing versions of what claimant told the assistant human resources manager presented a credibility issue that the Board was free to resolve in the employer's favor (see Matter of Baez [Commissioner of Labor], 126 AD3d 1211, 1212 [2015]). Furthermore, although [*2]the record demonstrates that claimant obtained treatment from a clinical social worker, who opined that claimant was suffering from job-related anxiety and depression, that therapist never advised claimant to quit her employment (see Matter of Bielak [Commissioner of Labor], 105 AD3d 1226, 1226 [2013]; Matter of Spaulding [Commissioner of Labor], 264 AD2d 881, 882 [1999]; Matter of Ikoli [Commissioner of Labor], 249 AD2d 673, 673 [1998]). Under the circumstances presented here, the Board's decision that claimant voluntarily left her employment without good cause is supported by substantial evidence, and it will not be disturbed.
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.