Matter of Evens (Commissioner of Labor) (2019 NY Slip Op 06665)





Matter of Evens (Commissioner of Labor)


2019 NY Slip Op 06665


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

527978

[*1]In the Matter of the Claim of Maria K. Evens, Appellant. Commissioner of Labor, Respondent.

Calendar Date: August 30, 2019

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Flink Maswick Law PLLC, Lake Placid (James L. Maswick of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 2018, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
From 2008 to October 2016, claimant, a direct support professional, worked for the employer, a not-for-profit organization that provides support and services to individuals with developmental disabilities. On December 9, 2016, claimant's employment was terminated after she twice refused to sign a counseling memorandum prepared by her manager. Claimant's subsequent application for unemployment insurance benefits was denied by the Department of Labor, which found that claimant was disqualified from receiving benefits because her employment was terminated due to misconduct. Following a hearing, an Administrative Law Judge upheld that determination, which was adopted and affirmed by the Unemployment Insurance Appeal Board. Claimant appeals.
We affirm. "Whether a claimant has engaged in disqualifying misconduct is a factual question for the Board to resolve[,] and its determination will not be disturbed if supported by substantial evidence" (Matter of Jianli Li [Commissioner of Labor], 170 AD3d 1418, 1418 [2019] [internal quotation marks and citation omitted]; see Matter of Salcedo [E.H. Mfg. Inc.-Commissioner of Labor], 171 AD3d 1437, 1438 [2019]). "Refusing to comply with an employer's reasonable directive to sign a document can constitute insubordination and, thus, disqualifying misconduct" (Matter of Jackson [Commissioner of Labor], 120 AD3d 1503, 1503 [2014] [citations omitted]; see Matter of Lambert [Commissioner of Labor], 34 AD3d 948, 948 [2006]). Here, the testimony reflects that claimant was told at two separate meetings that she was required to sign the counseling memorandum to acknowledge its receipt and that she could indicate on the memorandum that she disagreed with its contents. Claimant was also informed at the meetings that her refusal to sign the counseling memorandum could result in further disciplinary action, including discharge. Moreover, the statement appearing at the bottom of the counseling memorandum allowing claimant to indicate her disagreement with its contents belies her contention that she was not given an opportunity to contest the substance of the memorandum (see Matter of Lambert [Commissioner of Labor], 34 AD3d at 948; Matter of Fischer [Roberts], 138 AD2d 912, 912-913 [1988]). Claimant's differing narrative of what transpired at the meetings in question presented a credibility issue for the Board to resolve (see Matter of Morar [JSB Props., LLC-Commissioner of Labor], 86 AD3d 887, 888 [2011]; Matter of Rey-Calderon [Commissioner of Labor], 60 AD3d 1124, 1125 [2009]; Matter of Haungs [Commissioner of Labor], 51 AD3d 1352, 1352 [2008]). Given the foregoing, we find that the record contains substantial evidence to support the Board's decision that claimant's refusal to sign the counseling memorandum constituted disqualifying misconduct, and, therefore, we find no reason to disturb it (see Matter of Rey-Calderon [Commissioner of Labor], 60 AD3d at 1124; Matter of Lambert [Commissioner of Labor], 34 AD3d at 948; Matter of Fischer [Roberts], 138 AD2d at 912-913). Claimant's remaining contentions have been considered and found to be without merit.
Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.